STEINMETZ, APPELLANT, *v.* FRANCIS J. LOWRY, D.D.S. & ASSOCIATES, INC. ET AL., APPELLEES.

(No. C-830639—Decided
June 13, 1984.)

*James G. Andrews,* for plaintiff-appellant.

*Rendigs, Fry, Kiely & Dennis* and *Thomas J. Leskan,* for defendant-appellee Francis J. Lowry, D.D.S. & Associates, Inc.

*Kohnen & Kohnen* and *Scott B. Tollefsen,* for defendant-appellee Black.

*Per Curiam.* This cause came on to be heard upon an appeal from the Hamilton County Municipal Court.

This timely appeal follows the trial court's granting of summary judgment in favor of appellees, Francis J. Lowry, D.D.S. & Associates, Inc. and Dr. Allen Black.

Appellant, Polly Steinmetz, filed suit against appellee dentists alleging that appellees had breached a written contract whereby appellees had agreed to supply appellant with full upper and lower dentures. Appellant alleged in her complaint, captioned "Complaint for Money-Breach of Contract," that the dentures provided by appellees did not fit, caused appellant extreme pain and were "totally unsuitable." Appellant demanded the return of $1026 which she had allegedly paid to appellees under the contract. Attached to appellant's complaint was a copy of a "financial agreement" which stated the type and cost of the dental treatment and the method of payment.

On March 22, 1983 appellee Francis J. Lowry, D.D.S. & Associates, Inc. filed its motion for summary judgment attached to which was an affidavit of Dr. Francis J. Lowry. Appellee Dr. Allen Black filed his motion for summary judgment on March 23, 1983 attached to which was an affidavit of Dr. Allen Black. Both the affidavit of Dr. Lowry and the affidavit of Dr. Black stated that the dental care afforded to appellant was in accordance with the generally accepted standards of dental care. The trial judge, in an entry filed June 6, 1983, indicated that, in his opinion, appellant's claim sounded in malpractice. The trial judge further indicated that summary judgment would be granted for both appellees unless appellant placed a material fact in issue by filing an affidavit or a deposition of an expert witness. Appellant filed a motion for reconsideration, which the trial court denied. Appellant declined to support her cause of action with expert testimony and on August 8, 1983, the trial court granted summary judgment in favor of appellees.

Appellant's sole assignment of error alleges that the trial court erred in granting summary judgment in favor of appellees. Appellant argues that the trial court erred in requiring appellant to put into evidence the testimony of an expert witness in order to defeat appellees' motions for summary judgment. Appellant contends that because she filed suit for breach of contract and not for malpractice, expert testimony is not essential to create a genuine issue of material fact. Appellees argue that notwithstanding the fact that appellant's complaint is captioned "Complaint for Money-Breach of Contract," the action sounds in malpractice and, therefore, appellant must file an affidavit or a deposition of an expert witness to counter the affidavits submitted by appellees and thereby create a genuine issue of material fact.

We hold that the trial court did not err in requiring appellant to put into evidence an affidavit or a deposition of an expert witness in order to create a genuine issue of material fact and thereby defeat appellees' motions for summary judgment.

In order to determine the gist of appellant's cause of action, we must examine the factual basis of appellant's claim. *Hibbett* v. *Cincinnati* (1982), 4 Ohio App. 3d 128. The Court of Appeals for Franklin County stated in *Muir* v. *Hadler Real Estate Mgt. Co.* (1982), 4 Ohio App. 3d 89, 90, that:

"Malpractice by any other name still constitutes malpractice. As stated in *Richardson* v. *Doe* (1964), 176 Ohio St. 370, at page 372 [27 O.O.2d 345], malpractice consists of 'the professional misconduct of members of the medical profession and attorneys.' Such professional misconduct may consist either of negligence or of breach of the contract of employment. *It makes no difference whether the professional misconduct is founded in tort or contract, it still con-stitutes malpractice.*" (Emphasis added.)

In addition, the Supreme Court of Ohio has held that where the patient brings an action for breach of contract arising by the doctor's negligence in performing the contract, the action is not one on the contract but one for malpractice. See *Klema* v. *St. Elizabeth's Hospital* (1960), 170 Ohio St. 519 [11 O.O.2d 326]; *Gillette* v. *Tucker* (1902), 67 Ohio St. 106.

In Ohio, a "dental claim" is an action for malpractice. R.C. 2305.11. R.C. 2305.11(D)(6) states:

" 'Dental claim' means any claim asserted in any civil action against a dentist arising out of a dental operation or the dental diagnosis, care, or treatment of any person."

An action which is brought against a dentist alleging improper fitting of dentures states a claim in malpractice. *Cox* v. *Cartwright* (1953), 96 Ohio App. 245 [54 O.O. 281]. A dentist who unskillfully fits dentures in his patient's mouth may be liable for malpractice. *Id.*

In the case *sub judice*, appellant alleges that her dentures did not fit properly, caused her pain and were "totally unsuitable." We hold that appellant's complaint alleges a "dental claim" for improper fitting of dentures and therefore, the gist of appellant's complaint is malpractice and not breach of contract.

As the United States Supreme Court pointed out in *Davis* v. *Virginian Railway Co.* (1960), 361 U.S. 354, 357, proof of malpractice requires (1) evidence as to the recognized standard of the medical community and (2) a showing that the physician negligently departed from those standards in the treatment of the patient. Under Ohio law, the plaintiff in a medical malpractice case must establish, by expert

testimony, the requisite standard of skill and care of physicians in the medical community, the negligent failure of the defendant to render treatment in conformity with the standard and the proximate causation of the plaintiff's damages by the defendant. *Bruni* v. *Tatsumi* (1976), 46 Ohio St. 2d 127 [75 O.O.2d 184]. The failure to establish the recognized standard of the medical community by expert testimony is fatal to a malpractice case. *Id.* The only exception to this rule is where the lack of skill or care of the physician is so apparent as to be within the comprehension of the layman. Such exception is absent in the instant matter.

In order to defeat the motions for summary judgment made by appellees, appellant must demonstrate that a genuine issue of material fact exists. The affidavits of Drs. Lowry and Black established that the dental care provided to appellant was within the generally accepted standards of dental care. Appellant was then required to demonstrate that a genuine issue of material fact exists by filing either an affidavit or deposition of an expert witness which alleged that the dental care provided to appellant was not in accordance with the generally accepted standard of dental care. Appellant refused to provide such expert testimony in support of her claim for malpractice and, therefore, the trial court properly granted appellees' motions for summary judgment.

We hold that the trial court did not err in granting appellees' motions for summary judgment. Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., BLACK and DOAN, JJ., concur.