ROBB et al., Appellants,

v.

COMMUNITY MUTUAL INSURANCE COMPANY et al., Appellees.

[Cite as *Robb v. Community Mut. Ins. Co.* (1989), 63 Ohio App.3d 803.]

Court of Appeals of Ohio,
Hamilton County.

No. C–880483.

Decided Aug. 16, 1989.

804

*William Flax,* for appellants.

*Short, Routt, Weber & Davis* and *D. Marc Routt,* for appellee Community Mutual Insurance Company.

*Jacobson, Maynard, Tuschman & Kalur Co., L.P.A., William C. Ludwig, Kevin M. Norchi* and *Deborah Schroeder,* for appellees Remo J. DiSalvo, M.D., and Cincinnati Group Health Associates, Inc.

*Per Curiam.*

Plaintiffs-appellants, James E. and Linda Robb, appeal from the trial court's order granting judgment for the defendants-appellees, Community Mutual Insurance Company ("Community Mutual"), Group Health Associates, Inc., and Remo J. DiSalvo, M.D., on their claim alleging defendants breached the

terms of James E. Robb's group health maintenance plan and Linda Robb's claim for loss of consortium. Plaintiffs' single assignment of error presents three issues which collectively address the failure of Dr. DiSalvo, the primary care physician, to authorize an angiogram, with a resulting loss of retirement benefits and future medical expenses payable to plaintiff pursuant to a third-party beneficiary contract. The assignment of error is not well taken.

The facts are undisputed. The city of Cincinnati ("city") contracted with Community Mutual for a group health maintenance plan for city employees. On September 28, 1984, plaintiff, a Cincinnati firefighter, received a mandatory physical examination. The city's Employee Health Service physician, Dr. Tojo, diagnosed plaintiff as suffering from significant coronary artery disease and subject to a risk of heart attack by his duties as a firefighter. Dr. Tojo recommended that the city should not return plaintiff to duty and referred him for follow-up care to Dr. DiSalvo, an employee of Group Health Associates, Inc., who was plaintiff's primary care physician for purposes of the group health maintenance plan.

Plaintiff requested Dr. DiSalvo to perform an angiogram in an effort to either locate and correct any blockage, or in the alternative, to confirm Dr. Tojo's diagnosis for receipt of increased retirement benefits. However, Dr. DiSalvo, after consulting with a cardiologist, refused to authorize an angiogram because he found that plaintiff was asymptomatic. Shortly afterwards the city retired plaintiff. Eight months later he was hospitalized for a heart attack, and at that time another physician performed an angiogram which located blockage. The blockage was then removed by surgery.

The thrust of plaintiff's claim is that defendants breached a third-party beneficiary contract based upon the refusal of the primary care physician to consider an alternative procedure (an angiogram), which eliminated plaintiff's right under the group health maintenance plan to be provided the same diagnostic tools as are provided to patients by non-contract physicians. In granting summary judgment for the defendants, the trial court concluded that plaintiff's claim in reality was based upon medical malpractice rather than breach of contract.

We agree with the trial court's conclusion as to plaintiff's claim against Dr. DiSalvo. Under Ohio law a patient cannot bring an action against a physician for breach of contract on grounds that the physician negligently performed the contract to provide medical services. Whether the alleged professional misconduct is based on tort or contract, the claim is still for malpractice. *Klema v. St. Elizabeth's Hosp.* (1960), 170 Ohio St. 519, 11 O.O.2d 326, 166 N.E.2d 765; *Steinmetz v. Francis J. Lowry, D.D.S. & Assoc.* (1984), 17 Ohio App.3d 116, 17 OBR 179, 477 N.E.2d 671. In the case *sub*

*judice* the allegations in paragraph seven of the complaint leave no doubt concerning the nature of the claim since plaintiff alleges that he is entitled to future damages because Dr. DiSalvo "continued to refuse to provide Plaintiff with the needed angiogram," coupled with his spouse's claim for loss of consortium, both of which involve a tort claim.

Additionally, in a malpractice action, as the trial court correctly found, it is incumbent upon plaintiff to establish by expert testimony the standard of care of a physician in the medical community and the physician's failure to provide treatment in conformity with those standards. A plaintiff's failure to offer expert testimony on this issue is fatal to the malpractice claim. *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127, 75 O.O.2d 184, 346 N.E.2d 673; *Steinmetz, supra; Thomas v. Mantanguihan* (June 30, 1982), Hamilton App. No. C–810776, unreported, 1982 WL 8607. Plaintiff did not offer expert testimony by affidavit or deposition to counter the defendant's appropriately supported motion for summary judgment, and his assignment of error relative to Dr. DiSalvo and Group Health Associates, Inc., his professional corporation, is without merit.

■ We, likewise, find that the trial court properly granted summary judgment in favor of Community Mutual. Under its group health maintenance plan, Community Mutual was obligated to the city to indemnify certificate holders of the Cincinnati Fire Division for medical services provided by the primary care physician. It was not obligated to provide or arrange for medical services and, in fact, the Group Certificate for Health Maintenance Plan stated at page 44:

"CMIC [Community Mutual] is not liable to furnish Covered Services, but merely to pay for Covered Services covered under this Certificate. You shall have no claim against CMIC for acts or omissions of any Provider from which you received Covered Services."

This language negates plaintiff's claim of entitlement under a third-party beneficiary contract. In *Laverick v. Children's Hosp. Medical Ctr. of Akron* (1988), 43 Ohio App.3d 201, 204, 540 N.E.2d 305, 309, the Summit County Court of Appeals said:

"Under Ohio law, a promisee must intend that a third party benefit from the contract in order for that third party to have enforceable rights under the contract; if the promisee has no intent to benefit a third party, then such party merely becomes an incidental beneficiary with no enforceable rights under the contract. *Norfolk & Western Co. v. United States* (C.A.6, 1980), 641 F.2d 1201, 1208."

Having indemnified plaintiff for medical expenses incurred pursuant to the group health maintenance plan, Community Mutual was entitled to summary judgment as a matter of law.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., KLUSMEIER and GORMAN, JJ., concur.