Plaintiff-appellant Marcia Laidley ("appellant") appeals from the summary judgment entered by the Cuyahoga County Court of Common Pleas in favor of defendants-appellants St. Luke's Medical Center, Cynthia Boes, M.D. ("St. Luke's appellees"), and Ohio Permanente Medical Group Inc., Kaiser Foundation Health Plan of Ohio, Inc. and Albert Green, M.D. ("Kaiser appellees") on her claims against them which found that her claims were barred by the applicable statute of limitations. For the reasons stated below, we affirm in part, reverse in part and remand this matter to the trial court for further proceedings.
The record reveals the facts giving rise to this appeal are as follows. Pursuant to a contract of insurance with Kaiser and Ohio Permanente, appellant was admitted to St. Luke's Medical Center for the labor and delivery of her third child on March 22, 1995. That same day, following the birth of her child, appellant suffered a complication of postpartum hemorrhage and a supracervical hysterectomy was performed. Appellant was discharged from St. Luke's Medical Center on March 27, 1995.
On October 10, 1995, as a result of this medical care, appellant commenced litigation in Case No. 296543 in which she named as defendants St. Luke's Medical Center, Ohio Permanente and Kaiser. On January 30, 1996, appellant voluntarily dismissed that action. Then, on March 20, 1996, appellant furnished "180-day" letters as defined in R.C. 2305.11 to appellees. Two hundred and nine days later, on October 15, 1996, appellant commenced the within action asserting a claim for medical malpractice as to all appellees and a breach of contract claim against Kaiser and Ohio Permanente.
On May 15 and June 2, 1997, after appellant failed to provide the required expert report by the court imposed deadline, the Kaiser appellees and the St. Luke's appellees, respectively, moved the court for summary judgment asserting that appellant had presented insufficient evidence to demonstrate their failure to meet the required standard of care. The trial court, then, granted leave to September 4, 1997 by which appellant should provide her expert report and respond to appellees' summary judgment motions. Thereafter, on August 15 and August 22, the St. Luke's appellees and the Kaiser appellees, respectively, moved the court for summary judgment on the basis that appellant's claims sounded in medical malpractice which accrued as of March 27, 1996, the date of her discharge from the hospital, and were barred by the applicable one year statute of limitation as put forth in R.C. 2305.11(B).
On October 10, 1997, during the pendency of appellees' summary judgment motions, appellant moved the court to compel supplemental discovery responses relating to the vacation and sick time schedules of the named appellee physicians. On October 20, 1997, prior to ruling on appellant's motion to compel, the trial court granted both summary judgment motions in favor of appellees finding that appellant's claims were barred by the applicable statute of limitations. On October 22, the St. Luke's appellees provided the requested supplemental discovery responses to appellant which indicated that appellee Dr. Boes was "out of the state" for twenty five days during the time period at issue. On October 28, after summary judgment had been granted and journalized, but before appellant had been notified of the disposition of the case, appellant moved the court for an extension time to fully respond to the motions for summary judgment asserting that she had not received the requested discovery responses necessary for her response to the motions.
On November 20, 1997, appellant filed both a notice of appeal and a motion for relief from judgment in accordance with Civ.R. 60(B). On remand from this court, the trial court denied appellant's motion for relief from judgment. The within appeal follows in which appellant advances four assignments of error for our review.
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITHOUT PROVIDING THE OPPORTUNITY FOR SUFFICIENT DISCOVERY ON THE ISSUE.
 II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON STATUTE OF LIMITATIONS GROUNDS.
 III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S BREACH OF CONTRACT CLAIM.
 IV. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO GRANT PLAINTIFF RELIEF FROM JUDGMENT.
Appellant in her first three assignments of error complains that the trial court erred in granting the motions for summary judgment in favor of these appellees. This court reviews the lower court's grant of summary judgment de novo. Brown v. SciotoBd. of Commrs. (1993), 87 Ohio App.3d 704. An appellate court applies the same test as a trial court which test is set forth in Civ.R. 56(C), which specifically provides that before summary judgment may be granted it must be determined that:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United Inc., (1977), 50 Ohio St.2d 317, 327.
It is well settled that the party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. Celotex Corp. v. Catrett (1987),477 U.S. 317, 330; Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Doubts must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
In accordance with Civ.R. 56(E), "a nonmovant may not rest on the mere allegations or denials of his pleading but must set forth specific facts showing there is a genuine issue for trial."Chaney v. Clark Cty. Agricultural Soc. (1993), 90 Ohio App.3d 421. The nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial. Dresher,supra; Celotex, supra at 322.
In both her first and second assigned errors appellant challenges the trial court's determination that her claims were barred by the applicable statute of limitations asserting that questions of fact exist as to both the accrual date and the computation of the statutory time. Appellant advances several theories to support her contention that the her claims were timely brought and summary judgment was improvidently granted to appellees.
The time limitations for bringing a medical malpractice action are governed by R.C. 2305.11(B)(1) which states in pertinent part that: "* * * an action upon a medical * * * claim shall be commenced within one year after the action accrued * * *". Further, R.C. 2305.11(B)(1) allows a plaintiff to serve written notice, prior to expiration of the one-year statute of limitations, upon a defendant and extend the time in which a suit may be brought against that person by up to one hundred eighty days from the time notice is given.
In Frysinger v. Leech (1987), 32 Ohio St.3d 38, the court determined that the cause of action "accrues" and the one-year statute of limitations commences to run (a) when the patient discovers or, in the reasonable exercise of care and diligence should have discovered, the resulting injury, or (b) when the physician-patient relationship for that condition terminates, whichever occurs later. (Oliver v. Kaiser Community Health Found.
[1983], 5 Ohio St.3d 111, 5 OBR 247, 449 N.E.2d 438, explained and modified). Id. at paragraph one of the syllabus. Thus, the accrual date for a medical malpractice claim is determined by a "termination" or a "discovery," whichever comes later.
Thus, even after the physician-patient relationship for the condition ends, the limitations period may be extended by the "discovery" of the malpractice which provides that "a cause of action for medical malpractice accrues and the statute of limitations commences to run when the patient discovers, or, in the exercise of reasonable care and diligence should have discovered, the resulting injury." Oliver v. Kaiser CommunityHealth Found. (1983), 5 Ohio St.3d 111, syllabus.
The determination of the accrual date must be made on a case by-case basis. Rose v. Women's Health Clinic (1993), 90 Ohio App.3d 776. In determining the accrual date of a medical malpractice action, the trial court should examine the following factors: (1) when the injured party became aware, or should have become aware, of the extent and seriousness of his condition; (2) whether the injured party was aware, or should have been aware, that such condition was related to a specific professional medical service previously rendered him; and (3) whether such condition would put a reasonable person on notice of need for further inquiry as to the cause of such condition. Hershberger v. AkronCity Hosp. (1987), 34 Ohio St.3d 1, paragraph one of the syllabus.
The Hershberger test requires that there be an occurrence of a "cognizable event" which does or should lead the patient to believe that the condition of which the patient complains is related to a medical procedure, treatment or diagnosis previously rendered to the patient and where the cognizable event does or should place the patient on notice of the need to pursue his possible remedies. Allenius v. Thomas (1989), 42 Ohio St.3d 131, syllabus. The patient need not be "aware of the full extent of the injury before there is a cognizable event."Id. at 133-134.
Rather, some noteworthy or cognizable event which has occurred is sufficient if it does or should place a reasonable patient on notice that an improper medical procedure, treatment, or diagnosis has taken place. Id. at 134. Constructive knowledge of facts, rather than actual knowledge of their legal significance, is enough to start the statute of limitations running under the discovery rule. Id. at 134. A plaintiff need not have discovered all the relevant facts necessary to file a claim in order to trigger the statute of limitations. Id. at 133-134. Rather, the "cognizable event" itself puts the plaintiff on notice to investigate the facts and circumstances relevant to her claim in order to pursue her remedies. Id.
The occurrence of a "cognizable event" imposes upon the plaintiff the duty to: (1) determine whether the injury suffered is the proximate result of malpractice; and (2) ascertain the identity of the tortfeasor(s). Flowers v. Walker (1992), 63 Ohio St.3d 546, syllabus. The question of whether a "cognizable event" has occurred is objectively viewed; for purposes of determining a motion for summary judgment, it is not necessarily dependent on the plaintiff's subjective awareness but instead turns upon the facts and circumstances of the case. Rose, supra; Akers v. Alonzo
(1992), 65 Ohio St.3d 422. With these propositions in mind, we review appellant's assigned errors.
In her first assignment of error, appellant complains that the trial court erred in granting appellees' summary judgment motions while her motion to compel discovery on the issue of the applicability of R.C. 2305.15 was outstanding. Specifically, appellant relies on R.C. 2305.15 to toll the applicable statute of limitations for the number of days that appellee Dr. Greene was "out of the state" and asserts that no factual determination could be made on the matter due to the outstanding discovery requests. Appellee counters that the tolling statute has been found unconstitutional in Bendix Autolite Corp. v. MidwescoEnt., Inc. (1988), 486 U.S. 888 and its progeny and, thus, the statute is not applicable here to toll the statutory time.
R.C. 2305.15 provides in pertinent part that:
 When a cause of action accrues against a person, if he is out of the state, has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98 and 1304.35 of the Revised code does not begin to run until he comes into the state or while he is so absconded or concealed. After the cause of action accrues if he departs from the state, absconds, or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought.
These tolling provisions apply to medical malpractice actions.Wright v. Univ. Hosp. of Cleveland (1989), 55 Ohio App.3d 227.
Moreover, this tolling statute may still be applied to cases distinguishable from Bendix where individuals, not corporations, are involved and where interstate commerce is not at issue.Crosby v. Beam (1992), 83 Ohio App.3d 501, 512.
Initially, we note that in Bendix the supreme court found that R.C. 2305.15 was an unconstitutional burden as to the corporate out-of-state defendant as an interference with the Commerce Clause of the Constitution. Further, this court, in affirming a grant of summary judgment for a defendant who left the state to seek employment, found the rationale of Bendix to be applicable to an individual insofar as any statute that interferes with employment also violates the Commerce Clause. See Gardner, et al. v.Gleydura, et al. (Jan. 16, 1997), Cuyahoga App. No. 69791, unreported. However, the constitutionality of the statute with the facts of this case is not before us. Thus, as the court inHoagland v. Webb (June 3, 1994), Montgomery App. Nos. 14024, 14061, unreported, reasoned "until such time as the Ohio Supreme Court reconsiders this issue or the General Assembly takes legislative action to modify R.C. 2305.15(A), we must apply the literal interpretation of the statute and, except for business-related absences from the state, * * * hold that the residential status of the defendant does not prevent R.C. 2305.15(A) from tolling the statute of limitations during the time periods of the defendant's absences from the state." Hoagland, supra. See, also, Lovejoy v.Macek (1997), 122 Ohio App.3d 558, 565. Thus, because we do not find the decision of the United States Supreme Court in Bendix rendered the application of R.C. 2305.15 unconstitutional under all circumstances, we consider appellant's argument and consider questions regarding the constitutionality of the statute in this appeal to be premature. See Spence v. Gohara (Aug. 27, 1993), Lucas County No. L-92-363 unreported.
In his motion for summary judgment, appellee Dr. Greene bore the initial burden of proving that the statute of limitations should apply to bar appellant's claim. Rainey v. Shaffer (1983),8 Ohio App.3d 262, 263. Appellee Dr. Greene met this initial burden in his motion for summary judgment by demonstrating that the complaint was filed on October 15, 1996, more than one year after the allegation of the medical malpractice which occurred during the hospitalization of appellant from March 22 to 27, 1995 as alleged in count one of appellant's complaint, and over two hundred nine days after the "180-day" letter as defined in the statute. Once the movant's burden had been met, the burden then switched to appellant to demonstrate that the statutory time was tolled. Wright v. Univ. Hosp. of Cleveland, supra. Appellant, in order to invoke the benefit of the tolling statute, is required to demonstrate that appellee had "departed from the state" so that the period of absence shall not be computed as any part of the period within which the action must be brought. R.C.2305.15(A).
In this appeal, appellant contends that where discovery matters are outstanding which bear upon the statute of limitations issue, then, the trial court erred in granting summary judgment. We agree.
Here, to support her claim that the statute may have been tolled by appellee's absence from the state, appellee sought information by way of proper discovery. The record reveals that appellant first sought discovery by interrogatories and requests for production of documents propounded on the Kaiser defendants seeking information which might be used to demonstrate that Dr. Greene had "depart[ed] from the state." Next, appellant argued in her brief in opposition to the motion for summary judgment that judgment based upon the statute of limitations as to Dr. Greene would be premature as appellees had failed to produce the requested discovery resulting in her inability to demonstrate the application of the savings provision of R.C. 2305.15 to her claim. Finally, on October 10, 1997, by motion, appellant requested the court to compel her requested discovery propounded on the Kaiser defendants. No response to the motion was filed by the Kaiser defendants. Thus, from the record it is clear that the trial court was sufficiently alerted to appellant's inability to produce sufficient evidence to counter appellee Dr. Greene's assertion of the statute of limitations as his defense to appellant's claim against him.
We review the trial court's discovery rulings under an abuse of discretion standard. Tracy v. Merrell Dow Pharmaceuticals
(1991), 58 Ohio St.3d 147. Further, a judgment preventing the requesting party from pursuing discovery will not be reversed unless the ruling causes substantial prejudice. Shaver v. StandardOil Co. (1990), 68 Ohio App.3d 783, 800. In Tucker v. Webb Corp.
(1983), 4 Ohio St.3d 121, our supreme court determined that even though a party failed to avail himself of the procedure afforded by Civ.R. 56(F) in order to obtain the necessary discovery to oppose a motion for summary judgment that "[t]aking into account the ramification of a summary disposition, [they] believe that the courts below should have been more cautious in determining whether any genuine issues of material fact existed * * *." See, also, Whiteleather v. Yosovitz (1983), 10 Ohio App.3d 272. The Tucker court determined that "[o]ne cannot weigh evidence most strongly in favor of one opposing a motion for summary judgment when there is a dearth of evidence available in the first place." Tucker, supra. It is the lack of evidence on a key issue which will render summary judgment inappropriate. HatzlachhSupply, Inc. v Appliance Ctr. of Toledo Inc. (Sept. 30, 1988), Lucas App.No L-88-040, unreported.
In the instant case, the trial court did not rule upon the motion to compel. Such non-action has the effect of essentially denying the request. Humphrey v. Scottish Leon Ins. Co. Ltd.
(Mar. 15, 1996), Trumbull App. No. 94J-5099. We find it unreasonable for a trial court to require a party opposing a motion to produce rebuttal evidence and at the same time to deny that party the opportunity to discover that evidence. Therefore, although the trial court is vested with discretion in its regulation of discovery, we find it an abuse of discretion for the trial court to deny appellant the opportunity to obtain the facts necessary to oppose a motion for summary judgment made against her.
Accordingly, we find appellant's first assignment of error to be well taken.
In her second assignment of error, appellant contends that the trial court erred in its grant of summary judgment in favor of appellees on the basis that the statute of limitations barred her medical malpractice claim where the accrual date of her claim is in dispute. First., appellant asserts that the Kaiser appellees presented no evidence that her patient physician-relationship with them terminated prior to her filing the complaint on October 15, 1996; thus, she claims the action was timely filed. Moreover, appellant asserts that a "cognizable event" triggering the accrual date did not occur until February 23, 1996, when her expert determined malpractice occurred, thereby rendering the action commenced in October, 1996 timely filed as to all appellees.
In this appeal, in support of their positions as to the accrual of the statutory time for this claim, all parties offer various arguments for a variety of possible dates. However, we review the motions for summary judgment de novo. Thus, we recognize that the allegations in the complaint assert a medical malpractice occurred during appellant's hospitalization at St. Luke's Hospital from March 22, 1995 to March 27, 1995. On March 20, 1996, prior to the expiration of the one-year limitation period, appellant notified appellees of her intention to initiate a medical malpractice claim within the one hundred eighty days as permitted by the statute. However, the record reflects that the complaint was filed on October 15, 1996, outside the statutorily permitted time period. Thus, on its face, the complaint was brought outside the applicable limitation period set by the statutory provision of R.C. 2305.11(B) entitling the moving parties to judgment in their favor as a matter of law unless appellant set forth evidence of facts showing that there is a genuine issue for trial.
In this case, to present a genuine issue for trial, appellant would be required to show that the statutory time did not begin to accrue on March 27, 1995. In opposing appellees' motion she may not rest upon allegations but must produce evidence of specific facts which create a question of fact for trial.Celotex, supra.
Our review of appellant's response to the motions for summary judgment demonstrates that although appellant asserts various theories as to different accrual dates and reasons why she believes that the statute did not accrue on March 27, 1995, appellant failed to set forth specific facts by affidavit or to produce evidence showing that there is a genuine issue of material fact as to when the statutory time accrued in this case. First, there is no evidence in the record to support her assertion that no termination of her relationship with the Kaiser appellees has yet occurred because she was treated by the Kaiser appellees even after March 27, 1995. Moreover, there is no evidence in the record that she has been treated by the Kaiser appellees for the "same condition." Thus, the record demonstrates the termination of the patient physician relationship as March 27, 1995. Further, appellant was on notice of the resulting injury caused by the alleged malpractice, the hysterectomy which was performed as a result of the childbirth. As appellant has failed to present evidence showing that she was unaware that a hysterectomy was not a normal circumstance of childbirth, then, in this case, appellant's knowledge of the resultant injury, the hysterectomy, was sufficient to place her on notice to investigate the facts and circumstances to determine whether an improper medical procedure occurred at that time. Therefore, based upon the foregoing, even when we objectively view the evidence most strongly in favor of appellant, as we are required to do, whether we look to the termination date or the date of the "cognizable event," we find that there is no evidence in the record to rebut appellees' assertion that appellant's medical malpractice claims accrued as of March 27, 1995 and these claims were barred by the statutory time limitations as put forth in R.C. 2305.11(B) as a matter of law. Accordingly, and in consideration of our disposition of appellant's first assignment of error, we conclude that summary judgment was properly entered in favor of appellees St. Luke's Medical Center and Dr. Cynthia Boes, Kaiser Foundation Health Plan of Ohio, Inc. and Ohio Permanente Medical Group Inc. on appellant's medical malpractice claims against them. Appellant's second assignment of error is without merit.
In her third assignment of error, appellant contends that the trial court erred in granting motion for summary judgment of Kaiser Foundation Health Plan of Ohio Inc. and Ohio Permanente Medical Group Inc. on her claim for breach of contract against them. Specifically, appellant argues that her contract claim goes to contract damages not to any allegation of negligence. As such, she claims the breach of contract count was brought within the applicable sixteen year statute of limitation.
The breach of contract claim as asserted by appellant in her complaint alleges that she was entitled to "safe and timely medical services and competent physicians to supervise and monitor medical services." Where a party asserts a claim of negligence in the performance of medical services, the claim sounds in medical malpractice not breach of contract. Robb v.Community Mutual Ins. Co. (1989), 63 Ohio App.3d 803. The Robb court found "[u]nder Ohio law a patient cannot bring an action against a physician for breach of contract on grounds that the physician negligently performed the contract to provide medical services. Whether the allegation of professional misconduct is based on tort or contract, the claim is still for malpractice." Id. at 805. As such, we find that count two of appellant's complaint which alleges that these appellees failed to provide safe and competent medical services sounds in medical malpractice governed by the statutory limitation imposed by R.C 2305.11 (B). Accordingly, in accordance with our determination of appellant's second assigned error that the medical malpractice claims were brought outside the applicable limitations period, summary judgment was properly granted in favor of appellees Kaiser Health Plan and Ohio Permanente Medical Group, Inc. on count two of appellant's complaint. Appellant's third assignment of error is without merit.
Finally, in her fourth assignment of error, appellant complains that the trial court abused its discretion when it failed to grant her motion for relief from judgment brought pursuant to Civ.R. 60(B). Appellant asserts she was entitled to relief pursuant to Civ.R. 60(B)(1) because the trial court made a mistake in its application of the law. Further, appellant argues she was entitled to relief pursuant to Civ.R. 60(B)(2) due to the misconduct of opposing counsel with respect to discovery issues.
To prevail on a motion for relief from judgment, the motion must be made within a reasonable time; the party must show that the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5) and the party must invoke a meritorious defense to present if relief is granted. GTEAutomatic Electric, Inc. v. ARC Industries, (1976), 47 Ohio St.2d 146. A motion for relief from judgment is entrusted to the sound discretion of the trial court and the court's ruling will not be disturbed on appeal unless it is shown the court abused its discretion. Gruffey v. Rajan (1987), 33 Ohio St.3d 75, 77.
Civ.R. 60(B) provides in pertinent part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Civ.R. 59(B);
A motion for relief from judgment under Civ.R. 60(B)(1) cannot be predicated upon the argument that the trial court made a mistake in rendering its decision. Chester Twp. v. FraternalOrder of Police (1995). 102 Ohio App.3d 404, 408. It is clear that the type of mistake contemplated by Civ.R. 60(B)(1) is a mistake by a party or his legal representative, not a mistake of substantive law made by the trial court. Antonopoulos v. Eisner
(1972), 30 Ohio App.2d 187. Thus, Civ.R. 60(B) may not be used as a substitute for an appeal. Doe v Trumbull Cty. ChildrenServices Bd. (1986), 28 Ohio St. 128, 131.
Further, Civ.R. 60(B)(3) governs fraud, misrepresentation and misconduct of an adverse party. Despite appellant's assertion to the contrary, we find no evidence in the record of misconduct of counsel to warrant relief from the judgment in this case. Accordingly, we find no abuse of discretion in the trial court's denial of appellant's motion made pursuant to Civ.R. 60(B) where the errors complained of are alleged mistakes made by the trial court which are properly the subject of this appeal and no other grounds for relief have been presented. Appellant's fourth assignment of error is without merit.
Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
This cause is affirmed in part, reversed in part and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellees and appellant equally share the costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL, P.J. and BLACKMON, J., CONCUR.
 ___________________________________ TIMOTHY E. McMONAGLE, JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).