Mary Elizabeth **MOONEY**, Plaintiff,

v.

The **CLEVELAND CLINIC FOUNDATION, et al.,** Defendants.

No. 1:98CV1850.

United States District Court, N.D. Ohio, Eastern Division.

Aug. 27, 1999.

Mary Elizabeth Mooney, Cincinnati, OH, plaintiff pro se.

Marc W. Groedel, Reminger & Reminger, Cleveland, OH, John D. Papageorge, Kevin Charles Murray, Locke, Reynolds, Boyd & Wiesell, Indianapolis, IN, for Defendants.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

In a diversity action, the plaintiff, Mary Elizabeth Mooney, has brought a medical malpractice claim against defendants, The Cleveland Clinic Foundation ("the Cleveland Clinic") and Scott Strong, M.D. Mrs. Mooney has also asserted numerous other claims which, as discussed below, are either subsumed by the medical malpractice claim or have no basis in law. Defendants have moved for summary judgment. For the reasons that follow, this Court grants the defendant's motion for summary judgment (doc. # 68).

### I. Background

The following facts are agreed upon by both parties. William Mooney suffered from intestinal problems and visited the Cleveland Clinic where he first met with Dr. Strong on November 6, 1996. Dr. Strong examined Mr. Mooney and recommended surgery. The next day, Mr. Mooney was admitted to the hospital and, for ten days, was treated with intravenous supplemental nutrition to treat his malnutrition. On November 18, 1999, Dr. Strong performed intestinal surgery on Mr. Mooney. Mr. Mooney consented to have surgery performed; however, the parties are in dispute over whether he consented to the particular operation he received. After the operation, Mr. Mooney spent a few weeks at the Cleveland Clinic recuperating and was then discharged to a nursing facility in Indianapolis. Mr. Mooney died a year later.

Mrs. Mooney is a *pro se* litigant, despite strong encouragement by this Court that she employ qualified legal counsel. In a largely incoherent complaint, she alleges that Dr. Strong performed a surgery which differed from the one he described to the Mooneys, that the surgery he performed was the wrong surgery to perform, and that this surgery led to Mr. Mooney's eventual death. However, Mrs. Mooney has not produced any substantive evidence to substantiate these claims.

First, Mrs. Mooney has failed to produce an expert report, despite numerous extensions and warnings from this Court. This Court originally advised Mrs. Mooney to file her expert report by November 13, 1998. This Court then gave her an extension until February 11, 1999 and warned her that she would not receive any further extensions. Mrs. Mooney failed to file an expert report by that date and defendants moved for summary judgment. However, in an order dated March 5, 1999, this Court gave Mrs. Mooney another extension, in deference to her *pro se* status, to file the expert report by March 26, 1999 and dismissed the summary judgment motion without prejudice to refiling. The Court also put Mrs. Mooney on clear notice that no further extensions would be granted and that her case might be dismissed if she failed to file an expert report. Mrs. Mooney has not filed an expert report and defendants have again moved for summary judgment.

Additionally, this Court warned Mrs. Mooney that, separate and distinct from the issue of filing an expert report, she could not create genuine issues of material fact and could not survive summary judg-

ment by relying solely on the allegations in her pleadings. This Court informed Mrs. Mooney that her accounts of conversations between her husband and Dr. Strong, and other statements allegedly made by hospital personnel, were hearsay and could not be considered by this Court in ruling on a summary judgment motion. The Court also informed Mrs. Mooney that she was not qualified to offer medical opinions and that her personal opinions regarding Dr. Strong's medical decisions would not be considered by this Court. Finally, the Court specifically warned Mrs. Mooney that unless she provided substantive evidence on the issue of informed consent, she could not defeat a renewed motion for summary judgment, when defendants support their motion with an affidavit from Dr. Strong describing his contact with Mr. Mooney and asserting his medical opinion that he adequately explained the risks, benefits and alternatives of the procedure to Mr. Mooney. Despite these warnings, Mrs. Mooney has again failed to follow the Court's advice and has merely resubmitted and reargued her unsupported hearsay allegations and her own unqualified medical opinions.

## II. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the nonmoving party to demonstrate the existence of a material dispute as provided in Rule 56(e):

> .... an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule,

must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. Fed.R.Civ.P. 56(e); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Parties opposing summary judgment must go beyond the pleadings and produce some type of evidentiary material in support of their position. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548.

In determining whether a genuine issue of material fact exists, this Court must view the evidence in a light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *White v. Turfway Park Racing Assn., Inc.,* 909 F.2d 941, 943–44 (6th Cir.1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Determination of whether an issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases, the Court must decide whether the evidence is such that "reasonable jurors could find by a preponderance of the evidence that the [nonmoving party] is entitled to a verdict" or whether the evidence is "so one-sided that [the moving party] must prevail as a matter of law." *Id.* at 252, 106 S.Ct. 2505.

## III. Defendant's Summary Judgment Motion

■ Mrs. Mooney, despite her protestations to the contrary, has pled a claim of medical malpractice. *See Steinmetz v. Lowry,* 17 Ohio App.3d 116, 118, 477 N.E.2d 671 (1984); *Klema v. St. Elizabeth's Hospital of Youngstown,* 170 Ohio St. 519, 521, 166 N.E.2d 765 (1960). In order to assert a *prima facie* case of medical malpractice, an expert report is required in order to establish both the standard of care of the medical community and to demonstrate that the physician in question departed from this standard. *Bruni*

*v. Tatsumi,* 46 Ohio St.2d 127, 130–32, 346 N.E.2d 673 (1976). The only exception to this rule is where the lack of skill or care is so apparent that only common knowledge and experience are required to understand and judge it. *Bruni,* 46 Ohio St.2d at 130, 346 N.E.2d 673. The issue of what kind of intestinal surgery should have been performed on Mr. Mooney does not meet this exception. Consequently, Mrs. Mooney's medical malpractice claim fails as a matter of law, since Mrs. Mooney, despite numerous warnings and extensions, has failed to obtain an expert report.

 Throughout this case, Mrs. Mooney has asserted that she is not pursuing a medical malpractice claim, but rather claims for breach of contract, battery and various violations of constitutional rights. However, all of these claims are either subsumed by the medical malpractice claim or have no basis in law. First, contract claims for professional negligence are considered malpractice actions in Ohio. *See Harrell v. Crystal,* 81 Ohio App.3d 515, 529, 611 N.E.2d 908 (1992) (a breach of contract by a professional is an action in malpractice).

Second, Mrs. Mooney's battery claim is also subsumed by the malpractice claim. A battery is an intentional and unlawful touching without consent. Mrs. Mooney is not alleging that Dr. Strong waylaid her husband on the street and performed surgery without his consent. On the contrary, there is no dispute that Mr. Mooney consented to some form of intestinal surgery. Mrs. Mooney is claiming that Dr. Strong performed a surgery which differed from the one to which Mr. Mooney consented. This is still a claim for medical malpractice, not common law assault and battery. Mrs. Mooney is essentially alleging that Dr. Strong either failed to fully inform Mr. Mooney of the nature of the surgery so that he could make an informed decision, or that Dr. Strong made an incorrect medical decision during surgery. The gist of Mrs. Mooney's claims, therefore, is that Dr. Strong did not exer-

cise the same degree of skill, care and attention as is exercised by the other members of his profession. *See Ishler v. Miller,* 56 Ohio St.2d 447, 451, 384 N.E.2d 296 (1978); *Steinmetz,* 17 Ohio App.3d at 118, 477 N.E.2d 671 (determining that the "gist" of the plaintiff's complaint established an action for malpractice). Since that is a malpractice claim, it fails for the lack of an expert report. Furthermore, even if she had an expert report, Mrs. Mooney has not produced sufficient facts to demonstrate a lack of informed consent. She has not produced anything other than her hearsay allegations which the court has already warned her would not be sufficient on this issue against defendants' motion for summary judgment. *See* Fed. R.Civ.Pro. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest on the mere allegations in the adverse party's pleading").

Finally, Mrs. Mooney's assertions of constitutional violations are also without merit. Despite her claims that a man and a wife are "as one body" and other proclamations on the nature of man, Mrs. Mooney has not produced any genuine issues of material fact sufficient to indicate that anyone has violated her constitutional rights. Additionally, she has not produced any facts which indicate that such violations, if any, were done under color of Ohio law.

**IV.**

For the reasons discussed above, this Court grants the defendants' motion for summary judgment, and enters judgment as a matter of law for defendants.

This order is final and appealable.

IT IS SO ORDERED.