OPINION
Plaintiff-appellant, Takeisha Prysock, appeals from a judgment of the Ohio Court of Claims granting summary judgment to defendant-appellee, The Ohio State University Medical Center ("Ohio State").
In her complaint filed January 5, 2001, appellant alleged negligence and negligent infliction of emotional distress arising from medical care she received from Ohio State. Appellant alleged that, on January 12, 1999, she delivered twin baby girls by caesarian section at Ohio State. She further alleged that the surgical team negligently left a sponge in her body following the caesarian section. Ten days later, on January 22, 1999, appellant returned to Ohio State after complaining of a bad odor emanating from her vaginal cavity. A surgical sponge was removed from her body by a doctor who was not a member of the surgical team that performed the caesarian section.
Ohio State filed a motion for summary judgment arguing that appellant failed to comply with the statute of limitations governing medical malpractice claims. Thereafter, appellant requested, and was granted, leave to file an amended complaint. The amended complaint contained the identical negligence causes of action, but added claims for fraud and breach of contract. Appellant alleged that Ohio State, through its agents, fraudulently concealed the true nature of her medical condition by failing to disclose the nature of the foreign object left in her body following the caesarian section when she asked about it. Appellant asserts that she did not discover the full nature of her condition until she obtained her medical records in March 2000.
By entry filed August 31, 2001, the trial court granted Ohio State's motion and entered summary judgment for Ohio State on all claims set forth in the amended complaint. The trial court found that all of appellant's claims were essentially medical malpractice claims and, therefore, were governed by the one-year statute of limitations set forth in R.C. 2305.11(B)(1). Because appellant knew, or should have known, the extent and seriousness of her condition following the removal of the surgical sponge, the trial court determined that her cause of action accrued on January 22, 1999. Because appellant did not file her complaint within one year of when her cause of action accrued, her claims were time-barred. Therefore, the trial court granted summary judgment for Ohio State.
Appellant appeals, assigning the following error:
 I. THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO DEFENDANT.
An appellate court's review of summary judgment is conducted under a de novo standard. Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 41; Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588. Summary judgment is proper only when the parties moving for summary judgment demonstrate: (1) no genuine issue of material fact exists; (2) the moving parties are entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
Appellant's assignment of error alleges that the trial court erred in finding that her claims were barred by the statute of limitations. Specifically, she contends that her medical malpractice claims should be governed by R.C. 2305.11(B)(3)(a) [a repealed statute of repose for medical malpractice claims], or, in the alternative, if her claims were governed by the one-year statute of limitations in R.C. 2305.11(B)(1), that statute should be tolled due to Ohio State's fraud in failing to disclose to her the fact that a sponge had been left inside her body. Finally, appellant alleges that her fraud claim was an independent cause of action and should be governed by the four-year statute of limitations set forth in R.C. 2305.09. Appellee contends that all of appellant's claims were, in essence, medical malpractice claims and, therefore, they were properly dismissed as time-barred under the one-year statute of limitations.
We will first analyze the trial court's decision as it relates to appellant's two negligence claims and her claim for breach of contract. To determine what statute of limitations applies to these claims, it is necessary to determine the actual nature or subject matter of the acts giving rise to the complaint. The Ohio Supreme Court has stated: "[I]n determining which limitation period will apply, courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded. The grounds for bringing the action are the determinative factors, the form is immaterial." Hambleton v. R.G. Barry Corp. (1984), 12 Ohio St.3d 179, 183; see, also, Gullatte v. Rion (2000), 145 Ohio App.3d 620, 626. That court has further stated that clever pleading should not be allowed to transform one claim into another type of claim so as to afford the plaintiff a longer statute of limitations. That would circumvent the purpose behind a statute of limitations. See Love v. Port Clinton (1988), 37 Ohio St.3d 98, 100. Thus, regardless of how the action has been characterized in the complaint, if the actions complained of constitute medical malpractice, the statute of limitations for medical malpractice must be applied. Cf. Andrianos v. Community Traction Co. (1951), 155 Ohio St. 47.
It is apparent from her amended complaint that the actual nature of appellant's negligence and breach of contract claims is, in fact, medical malpractice. The amended complaint alleges that Ohio State breached its duty of care and breached its contract with appellant by improperly performing a surgical procedure. The essential character of this allegation is medical malpractice. It is well-settled that the misconduct of medical professionals constitutes malpractice regardless of whether such misconduct is framed in terms of negligence or breach of contract. Harrell v. Crystal (1992), 81 Ohio App.3d 515, 529; Robb v. Community Mut. Ins. Co. (1989), 63 Ohio App.3d 803, 805; Muir v. Hadler Real Estate Mgmt. Co. (1982), 4 Ohio App.3d 89, 90. The trial court did not err in determining that these claims were, in actuality, claims for medical malpractice.
Statutes of limitation seek to prescribe a reasonable period of time in which an injured party may assert a claim, after which the statute forecloses the claim and provides repose for the potential defendant. The Ohio Supreme Court has recognized the rationale underlying these statutes to be fourfold: "to ensure fairness to defendant; to encourage prompt prosecution of causes of action; to suppress stale and fraudulent claims; and to avoid the inconvenience engendered by delay, specifically the difficulties of proof present in older cases." O'Stricker v. Jim Walter Corp. (1983), 4 Ohio St.3d 84, 88.
The relevant statute of limitations for appellant's medical malpractice claim is found in R.C. 2305.11(B)(1), which provides that "an action upon a medical * * * claim shall be commenced within one year after the cause of action accrued." In determining the accrual date for a medical malpractice cause of action, courts examine three factors: (1) the time at which the injured party became aware, or should have become aware, of the extent and seriousness of his condition; (2) whether the injured party was aware, or should have been aware, that the condition stemmed from a specific professional medical service previously rendered him; and (3) whether the condition would put a reasonable person on notice of the need to inquire about the cause of the condition. Hershberger v. Akron City Hosp. (1987), 34 Ohio St.3d 1, paragraph one of the syllabus.
"The `extent and seriousness of his condition' language of the test set forth in Hershberger * * * requires that there be an occurrence of a `cognizable event' which does or should lead the patient to believe that the condition of which the patient complains is related to a medical procedure, treatment or diagnosis previously rendered to the patient and where the cognizable event does or should place the patient on notice of the need to pursue his possible remedies." Allenius v. Thomas (1989),42 Ohio St.3d 131, syllabus. The patient need not be "aware of the full extent of the injury before there is a cognizable event." Id. at 133-134. Rather, some noteworthy or cognizable event, which has occurred, is sufficient if it places or should place a reasonable patient on notice that an improper medical procedure, treatment, or diagnosis has taken place. Id. at 134.
The trial court did not err in determining that a cognizable event occurred on January 22, 1999, when appellant became aware that a foreign object had been left in her vaginal cavity following her caesarian section. The removal of this foreign object occurred when appellant returned to the emergency room at Ohio State ten days after giving birth. This event would have placed a reasonable patient on notice that an improper medical procedure had taken place. It also would have put a reasonable person on notice of the need to inquire about the cause of the condition. See Thompson v. East Liverpool City Hosp. (1995), Columbiana App. No. 94-C-84 (finding cognizable event occurred when surgery performed to take out sponge left inside plaintiff). It is not determinative that appellant did not know the precise nature of the foreign object or that she may have a medical malpractice claim. What is important is whether a reasonable person would have been put on notice of potential improper medical treatment and of the need to inquire about the cause of the condition. The trial court correctly determined that a reasonable person would have been put on notice. Because this cognizable event took place on January 22, 1999, pursuant to R.C. 2305.11(B), appellant had to file her medical malpractice claim by January 22, 2000. Appellant failed to file her claim by that date and, accordingly, the trial court did not err in granting summary judgment on counts one, two and four of her amended complaint.
Although appellant alleges that, when she came back to Ohio State on January 22, 1999, Ohio State fraudulently failed to disclose the true nature of what had happened during her caesarian section, thereby tolling the statute of limitations, appellant failed to present any evidence, by affidavit or otherwise, to create an issue of fact on this issue. It is well-established that, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115, citing Civ.R. 56(E). Therefore, summary judgment was properly granted on appellant's negligence and breach of contract claims based on her failure to file these claims within the applicable statute of limitations.
We should also point out that appellant's reliance on R.C. 2305.11(B)(3) is completely misplaced. This provision was a statute of repose for medical malpractice claims. It did not extend the time for filing a medical malpractice cause of action. Rather, it set an outside time limit for when a medical malpractice claim must be filed, regardless of when the cause of action accrued. See Sedar v. Knowlton Constr. Co. (1990),49 Ohio St.3d 193, 195 ("[u]nlike a true statute of limitations, which limits the time in which a plaintiff may bring suit after the cause of action accrues, a statute of repose * * * potentially bars a plaintiff's suit before the cause of action arises"). Armbrust v. United Tel. Co. of Ohio, Inc. (1997), 119 Ohio App.3d 497, 499. It should also be noted that R.C. 2305.11(B)(3) was struck down as unconstitutional in State ex rel. Ohio Academy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451, and was subsequently repealed. See 2001 S.108. This statute is not relevant to the issues presented by this appeal.
We next address the trial court's decision as it relates to appellant's claim for fraud. Appellant is correct in noting that Ohio has recognized under some circumstances a cause of action for fraud independent from a medical malpractice claim. Gaines v. Preterm-Cleveland, Inc. (1987),33 Ohio St.3d 54, paragraph one of the syllabus. In Gaines, the Ohio Supreme Court held that "[a] physician's knowing misrepresentation of a material fact concerning a patient's condition, on which the patient justifiably relies to his detriment, may give rise to a cause of action in fraud independent from an action in medical malpractice." Id. The Gaines' court noted that "[t]he fraud action is separate and distinct from the medical malpractice action which stems from the surrounding facts where the decision to misstate the facts cannot be characterized as medical in nature." Id. at 56. Claims for fraud have a four-year statute of limitations. R.C. 2305.09.
The trial court determined that all of appellant's claims, including the claim for fraud, were essentially medical malpractice claims and, therefore, dismissed her fraud claim based on the one-year medical malpractice statute of limitations. However, based upon the allegations in the complaint, appellant stated a separate and distinct cause of action for fraud. The alleged fraudulent representations or omissions were made by a physician that was not involved with appellant's original treatment at Ohio State. There is no allegation that this physician improperly removed the surgical sponge. The alleged misstatement of fact and/or alleged failure to disclose the true nature of the foreign object "cannot be characterized as medical in nature." Gaines, at 56. The alleged fraud had nothing to do with treating appellant; rather, the alleged fraud related to protecting the medical team that performed the caesarian section.
Because appellant set forth an independent fraud claim separate from her medical malpractice claims, the trial court erred when it granted summary judgment on this claim based on the one-year medical malpractice statute of limitations. See Kerns v. Schmidt (1994), 94 Ohio App.3d 601,612 (finding fraudulent statement that could not be characterized as medical in nature or motivated by medical concerns could support independent fraud claim).
In conclusion, the trial court properly granted summary judgment in favor of appellee on appellant's medical malpractice claims and breach of contract claim. However, the trial court erred when it granted summary judgment on appellant's fraud claim based upon the one-year statute of limitations applicable to medical malpractice claims. Therefore, appellant's assignment of error is overruled in part and sustained in part. Accordingly, the judgment of the Ohio Court of Claims is affirmed in part and reversed in part, and the matter is remanded to that court for further proceedings consistent with said opinion.
Judgment affirmed in part, reversed in part and remanded.
BRYANT and DESHLER, JJ., concur.