[Cite as *Purcell v. Lorain Corr. Inst.*, 2011-Ohio-3873.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES E. PURCELL

    Plaintiff

    v.

LORAIN CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2011-02239-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1}  Plaintiff, James Purcell, an inmate formerly incarcerated at defendant's Lorain Correctional Institution (LorCI), filed this action alleging that he was not informed until 2010 that he had tested positive for syphilis, a sexually-transmitted disease, while he was an inmate at LorCI in 2006.  Plaintiff asserts he unknowingly transmitted the disease to his wife after he was released from prison in 2008.  In his complaint, plaintiff requested damages in the amount of $2,500.00, the statutory maximum damage amount allowed under R.C. 2743.10.  Payment of the filing fee was waived.

{¶ 2} Defendant submitted an investigation report admitting liability and acknowledging that plaintiff suffered damages in the amount of $2,500.00.  Plaintiff filed a response stating he was in agreement with the investigation report.

## CONCLUSIONS OF LAW

{¶ 3}  To establish a claim of medical malpractice, plaintiff "must show the

existence of a standard of care within the medical community, breach of that standard of care by the defendant, and proximate cause between the medical negligence and the injury sustained." *Taylor v. McCullough-Hyde Mem. Hosp.* (1996), 116 Ohio App. 3d 595, 599, 688 N.E. 2d 1078; citing *Bruni v. Tatsumi* (1976), 46 Ohio St. 2d 127, 346 N.E. 2d 673. These elements must be established by expert testimony unless the negligent conduct "is so apparent as to be within the comprehension of laymen and requires only common knowledge and experience to understand and judge it." *Bruni*, at 130.

{¶ 4} "The failure to establish the recognized standard of the medical community by expert testimony is fatal to a malpractice case. Id. The only exception to this rule is where the lack of skill or care of the physician is so apparent as to be within the comprehension of the layman." *Steinmetz v. Lowry* (1984), 17 Ohio App. 3d 116, 118-119, 17 OBR 179, 477 N.E.2d 671. The court finds such exception is present in the instant matter.

{¶ 5} Liability on the part of defendant has been established in failing to notify plaintiff in a timely manner that he had tested positive for syphilis. Defendant is liable to plaintiff in the amount of $2,500.00.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES E. PURCELL

    Plaintiff

    v.

LORAIN CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2011-02239-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $2,500.00. Court costs are assessed against defendant.


                        DANIEL R. BORCHERT
                        Deputy Clerk

Entry cc:

James E. Purcell, #583-881
940 Marion Correctional Camp
Marion, Ohio 43302-0057

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

SJM/laa

Filed 4/25/11
Sent to S.C. reporter 8/5/11