IN RE CONTESTED ELECTION OF NOVEMBER 2, 1993 CONCERNING ISSUE No. 9, REFERENDUM OF ORDINANCE NO. 137–92, CITY OF AVON.

[Cite as *In re Contested Election of November 2, 1993* (1995), 72 Ohio St.3d 411.]

(No. 94–1662—Submitted May 9, 1995—Decided July 5, 1995.)

412

Phillips & Co., L.P.A., and *Gerald W. Phillips*, for appellants.

*Russell T. McLaughlin*, for appellees.

*Per Curiam.* As a preliminary matter, appellants have moved to strike appellees' brief because it contains matters in its appendix which are not part of the record. Appellees concede that their brief contains documents which are not in the record. It is axiomatic that a reviewing court cannot add matter to the record before it, which was not part of the trial court's proceedings. *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraph one of the syllabus; *State v. Davis* (1992), 63 Ohio St.3d 44, 46, 584 N.E.2d 1192, 1195, fn. 2. Therefore, appellants' motion is granted in part, and those portions of the appendix in appellees' brief which constitute new matter are stricken and are not considered in the resolution of this appeal.

In considering the merits of this appeal, in Ohio a contestor of an election must establish by clear and convincing evidence (1) that one or more election irregularities occurred, and (2) that the irregularity or irregularities affected enough votes to change or make uncertain the result of the election. *McMillan v. Ashtabula Cty. Bd. of Elections* (1993), 68 Ohio St.3d 31, 34, 623 N.E.2d 43, 46. The common pleas court's dismissal was premised on appellees' December 15, 1993 motion to dismiss, or alternatively, motion for summary judgment. Appellees' motion was based solely on their contention that appellants were estopped from asserting an election contest because they were or should have been fully aware of the proposed Issue 9 ballot language when the enabling ordinance was passed on June 14, 1993.

Extreme diligence and promptness are required in election-related matters. *State ex rel. White v. Franklin Cty. Bd. of Elections* (1992), 65 Ohio St.3d 45, 49, 600 N.E.2d 656, 659. Equitable estoppel precludes recovery when "one party induces another to believe certain facts exist and the other party changes his position in reasonable reliance on those facts to his detriment." *State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn.* (1994), 71 Ohio St.3d 26, 34, 641 N.E.2d 188, 196. Generally, actual or constructive fraud is required. *State ex rel. Richard v. Bd. of Trustees of Police & Firemen's Disability & Pension Fund* (1994), 69 Ohio St.3d 409, 414, 632 N.E.2d 1292, 1296.

In cases in which we have found equitable estoppel in an election contest, irregularities were plain on the face of the ballot, and the contestors were aware of the alleged defects prior to the election. See *In re Election of November 6,*

*1990 for the Office of Attorney General of Ohio* (1991), 58 Ohio St.3d 103, 113–114, 569 N.E.2d 447, 457. Appellants in this case arguably were either aware of or should have been aware of the ballot language prior to the November 2, 1993 election, yet they failed to raise this issue prior to learning of the adverse election results. Cf. *Beck v. Cincinnati* (1955), 162 Ohio St. 473, 476, 55 O.O. 373, 374, 124 N.E.2d 120, 122, where we rejected an estoppel claim based on the failure to object to ballot language because we found the defect to be so substantial as to void the election results. However, assuming *arguendo* that the common pleas court properly determined that appellants were estopped from raising a defective-ballot-language claim, estoppel would not preclude their other claims, *e.g.,* improper posting and inaccurate ballot counting. Therefore, the common pleas court erroneously relied on estoppel in order to dismiss all of appellants' claims.

Nevertheless, a reviewing court cannot reverse a proper judgment merely because erroneous reasons were assigned as a basis thereof. *State ex rel. Carter v. Schotten* (1994), 70 Ohio St.3d 89, 92, 637 N.E.2d 306, 309. R.C. 3515.10 provides:

"*The court with which a petition to contest an election is filed shall fix a suitable time for hearing such contest, which shall not be less than fifteen nor more than thirty days after the filing of the petition.* * * * [T]he hearing shall proceed at the time fixed, unless postponed by the judge hearing the case for good cause shown by either party by affidavit or unless the judge adjourns to another time, not more than thirty days thereafter * * *." (Emphasis added.)

The procedures prescribed for election contests are specific and exclusive, and must be strictly construed. *In re Election of November 6, 1990 for the Office of Attorney General of Ohio* (1991), 62 Ohio St.3d 1, 5, 577 N.E.2d 343, 344, 346. The courts have no jurisdiction to conduct an election contest in the absence of statutory authority, and "where a contester, before expiration of the time within which an election contest under a statute must be tried, obtains a postponement or acquiesces in a postponement which carries the case beyond the time limit, he thereby discontinues his contest." *Jenkins v. Hughes* (1952), 157 Ohio St. 186, 190, 47 O.O. 127, 129, 105 N.E.2d 58, 60. Compliance with the R.C. 3515.10 hearing scheduling requirement is jurisdictional, and where the trial date of the election contest is not set within thirty days after the filing of the petition and no request is made for the scheduling of a hearing within that period, the court lacks jurisdiction to proceed. *McCall v. Eastern Local School Dist. Bd. of Edn.* (1959), 169 Ohio St. 50, 52, 8 O.O.2d 11, 12–13, 157 N.E.2d 351, 352–353; cf. *State ex rel. Daoust v. Smith* (1977), 52 Ohio St.2d 199, 201, 6 O.O.3d 457, 458, 371 N.E.2d 536, 537, and *State ex rel. Byrd v. Summit Cty. Bd. of Elections* (1981), 65 Ohio St.2d 40, 43, 19 O.O.3d 230, 232, 417 N.E.2d 1375, 1378, citing *McCall* and *Jenkins* for the proposition that in election cases, compliance with statutory limitations is a

jurisdictional requirement;  see, also, *Sekas v. Wohl* (Apr. 30, 1987), Cuyahoga App. No. 52927, unreported, 1987 WL 4949 (*"Jenkins, supra,* and *McCall, supra,* * * * reveal a contest[o]r must demonstrate some effort to have a hearing commenced or completed within the thirty-day period set forth in R.C. 3515.10 in order to satisfy such condition precedent.").

Here, appellants filed their election contest on December 2, 1993, and no hearing on the petition was scheduled or requested within the thirty-day period following that date.  Instead, appellants filed motions for summary judgment, acquiesced in continuing a consideration of the merits of the petition, and did not request that the court schedule a final hearing date until May 6, 1994, over six *months* after the filing of the election-contest action and after appellees had moved to dismiss the election contest based on lack of jurisdiction because of the failure to comply with R.C. 3515.10.  Based on *Jenkins* and *McCall,* the court lacked jurisdiction to act.  Consequently, the court's dismissal of the entire action, while not supported by its stated basis of estoppel, was proper.  The issues raised by appellants are moot and need not be considered in light of the foregoing disposition.  Accordingly, the judgment of the court of common pleas dismissing the case is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.