DECISION AND JUDGMENT ENTRY
{¶ 1} Alton Davis appeals a judgment of the Jackson County Common Pleas Court granting Teresa Remy's motion to dismiss. He contends his complaint adequately sets forth claims for both malicious prosecution and intentional infliction of emotional distress. Accepting the allegations in Davis's complaint as true, we are unable to conclude that he can prove no set of facts entitling him to recovery. Thus, the trial court erred in granting Remy's motion and we reverse and remand this cause for further proceedings.
 {¶ 2} In March 2002, Alton Davis filed a complaint against his ex-wife, Teresa Remy, alleging malicious prosecution and intentional infliction of emotional distress. In June 2002, Remy filed her answer. As one of many defenses, Remy claimed that Davis had failed to state a claim upon which relief could be granted. Two days after filing her answer, Remy filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief could be granted. She claimed that the official records of the criminal cases had been sealed and therefore, under R.C.2953.52(B)(3), the proceedings in those cases were deemed not to have occurred. She argued that Davis could not rely on the six criminal cases to support his complaint if the proceedings were deemed not to have occurred. Within her memorandum in support, Remy referred to "Exhibit A" as an attachment. While the record does not contain a copy of the attached exhibit, it appears from the context of her memorandum that it is a copy of the order sealing the records.[1]
 {¶ 3} In April 2003, the court granted Remy's motion and dismissed Davis's complaint. Davis now appeals and raises the following assignment of error: "The trial court erred to the prejudice of the plaintiff in dismissing a complaint for failure to state a claim upon which relief could be granted when the complaint in question sets forth a statement of two claims and a set of facts consistent with those claims which demonstrate that the plaintiff is entitled to relief."
 {¶ 4} Although Remy characterized her motion as a motion to dismiss under Civ.R. 12(B)(6), she had already filed her answer. Civ.R. 12(B) permits a defendant to raise the defense of failure to state a claim upon which relief can be granted either in the responsive pleading or by motion. If, however, the defendant opts to raise the defense by motion, the motion must be made "before pleading if a further pleading is permitted." Civ.R. 12(B). Here, Remy filed her Civ.R. 12(B)(6) motion two days after filing her answer.
 {¶ 5} Where a defendant raises "failure to state a claim" in her answer and subsequently files a motion to dismiss, that motion may be treated as a Civ.R. 12(C) motion for judgment on the pleadings. See, e.g., State ex rel. Pirman v. Money, 69 Ohio St.3d 591, 592,1994-Ohio-204, 635 N.E.2d 26; State ex rel. Midwest Pride IV., Inc. v.Pontious, 75 Ohio St.3d 565, 569, 1996-Ohio-459, 664 N.E.2d 931 (both treating an untimely Civ.R. 12(B)(6) motion as a motion for judgment on the pleadings. Here we do not consider the motion as untimely because the defense was raised in the answer. Rather, it is simply mischaracterized.). The standard applied to a Civ.R. 12(C) motion is the same as a Civ.R. 12(B)(6) motion. Sabolsice v. Armm Coal Co. (June 28, 1989), Lawrence App. No. 1874. However, whereas a Civ.R. 12(B)(6) motion must be judged on the face of the complaint, a Civ.R. 12(C) motion permits consideration of the complaint and answer. Pontious,75 Ohio St.3d at 569.
 {¶ 6} Under Civ.R. 12(C), a dismissal is appropriate" where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." Id. at 570. Thus, a court should grant such a motion only if there is no possible reading of the complaint that states a claim for relief. If there is some possible set of facts by which the complainant might state a valid claim for relief, the court should not grant the motion. See Fink, Greenbaum Wilson, Guide to Ohio Rules of Civil Procedure (2000) 12-10, Section 12:3. A Civ.R. 12(C) motion cannot be granted unless there are no disputes of material fact and the movant is entitled to judgment as a matter of law. Pontious, 75 Ohio St.3d at 570. Thus, we independently review the motion as a matter of law to determine if it was properly granted.
 {¶ 7} The first count of Davis's complaint asserts a claim for malicious prosecution. The elements of malicious criminal prosecution are (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the defendant. Trussell v. Gen. Motors Corp. (1990), 53 Ohio St.3d 142, 145,559 N.E.2d 732, syllabus.
 {¶ 8} In his complaint, Davis alleged that Remy caused six criminal complaints to be filed against him. He alleged that Remy acted with malice in instituting the proceedings and that "she knew the report she was making was false". Additionally, he alleged that Remy "understood that there was no probable cause to believe that the plaintiff had committed any of the alleged crimes." Finally, Davis's complaint alleged that a jury found him not guilty of three charges and the state dismissed the other three charges.
 {¶ 9} The second count of Davis's complaint asserts a claim for intentional infliction of emotional distress. In order to establish an action for the intentional infliction of emotional distress, a plaintiff must show: "* * * (1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; (2) that the actor's conduct was so extreme and outrageous as to go "beyond all possible bounds of decency" and was such that it must be considered as "utterly intolerable in a civilized community"; (3) that the actor's actions were the proximate cause of plaintiff's psychic injury; and (4) that the mental anguish suffered by plaintiff is serious and of a nature that "no reasonable man could be expected to endure it"." (Citations omitted.)Pyle v. Pyle (1983), 11 Ohio App.3d 31, 34, 463 N.E.2d 98. See, also,Yeager v. Local Union 20 (1983), 6 Ohio St.3d 369, 453 N.E.2d 666, syllabus.
 {¶ 10} In his complaint, Davis alleged that Remy engaged in acts intended to cause him extreme emotional distress. He alleged that she made false reports to law enforcement officers thereby causing the institution of six criminal charges against him. He also alleged that she spread rumors throughout the community that he had sexually abused their daughter. His complaint alleged that Remy's conduct was extreme, outrageous, and beyond all possible bounds of decency. Furthermore, he alleged that Remy's actions caused him extreme stress and mental anguish "of a seriousness in nature that no reasonable person should be expected to endure."
 {¶ 11} In her motion, Remy argued that Davis's complaint did not state a claim for either malicious prosecution or intentional infliction of emotional distress because the records of the criminal proceedings that formed the basis of the claims had been sealed and the proceedings were deemed not to have occurred. However, Remy's argument requires consideration of evidence outside the pleadings, namely evidence establishing that the records of the six criminal proceedings have been sealed. A court is not permitted to consider evidence outside the pleadings when ruling on a Civ.R. 12(C) motion for judgment on the pleadings. Euvrard v. The Christ Hosp. (2001), 141 Ohio App.3d 572, 575,752 N.E.2d 326; State ex rel. Montgomery v. Purchase Plus Buyer'sGroup, Inc., Franklin App. No. 01AP-1073, 2002-Ohio-2014. Under Civ.R. 12(C), a trial court's inquiry is restricted solely to the allegations in the pleadings. Euvrard; Burnside v. Leimbach (1991), 71 Ohio App.3d 399,402, 594 N.E.2d 60. Moreover, unlike a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim, a Civ.R. 12(C) motion for judgment on the pleadings cannot be converted into a motion for summary judgment.Piersant v. Bryngelson (1989), 61 Ohio App.3d 359, 363, 572 N.E.2d 800. Because Remy's argument requires consideration of evidence outside the pleadings, it should have been asserted in a motion for summary judgment under Civ.R. 56.[2]
 {¶ 12} We are aware that Civ.R. 52 does not require a court to issue findings of fact and conclusions of law when dismissing a case under Civ.R. 12. State ex rel. Drake v. Athens Cty. Bd. of Elections
(1988), 39 Ohio St.3d 40, 41, 528 N.E.2d 1253; State ex rel. Scott v.Edwards (Oct. 28, 1996), Ross App. No. 96CA2210. However, after independently reviewing Remy's motion, we find no support for the trial court's order dismissing Davis's complaint. Even if the trial court treated Remy's motion as a Civ.R. 12(B)(6) motion, there is nothing in the record to indicate that the court converted the motion into a motion for summary judgment. See Petrey v. Simon (1983), 4 Ohio St.3d 154,447 N.E.2d 1285, paragraph two of the syllabus (holding that when a court converts a Civ.R. 12(B)(6) motion into a summary judgment motion, it must notify the parties "at least fourteen days before the time fixed for a hearing.") Thus, the court's analysis would have been the same as under a Civ.R. 12(C) motion and dismissal would only have been appropriate if, after accepting the allegations in the complaint as true, the court determined, beyond a doubt, that Davis could prove no set of fact entitling him to relief. Applying this standard to Davis's complaint, we cannot say that he can prove no set of facts entitling him to relief. If we accept the facts alleged in Davis's complaint as true, we conclude the facts alleged are sufficient to state a claim for both malicious prosecution and intentional infliction of emotional distress. Accordingly, the judgment of the trial court is reversed and the cause is remanded for further proceedings.
JUDGMENT REVERSED AND CAUSE REMANDED.
Evans, P.J., and Kline, J., concur in judgment and opinion.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] Remy's memorandum states: "On the date Plaintiff filed the Complaint in the instant case, the record of all six (6) criminal cases had been sealed ("Exhibit A")."
[2] Our decision does not address or consider the merits of Remy's argument that sealing the records precludes Davis from bringing either cause of action stated in his complaint.