HELMS ET AL., APPELLANTS, v. CITY OF GREEN ET AL., APPELLEES.

[Cite as *Helms v. Green,* 102 Ohio St.3d 295, 2004-Ohio-2951.]

(No. 2004–0271—Submitted April 27, 2004—Decided June 23, 2004.)

**Per Curiam.**

{¶ 1} On November 4, 2003, a majority of voters living in Green, Ohio, passed Issue No. 38, which raised the municipal income tax rate to two percent per annum. On December 10, 2003, appellants, several Green residents, filed a petition in the Summit County Court of Common Pleas contesting the election result. Appellants named the city of Green and Citizens for a Better Green, appellees, as respondents in the election contest.

{¶ 2} According to one of the appellants, Joel Helms, on the afternoon of January 5, 2004, he contacted the office of the Summit County Clerk of Courts and asked whether the December 10, 2003 petition had been scheduled for a hearing. He was told that a hearing had not yet been scheduled, and Helms asked why. On that same day, the court scheduled a hearing in the case for January 15, 2004.

{¶ 3} On January 12, 2004, appellees moved to dismiss the election contest, arguing that the common pleas court lacked jurisdiction under R.C. 3515.10, which requires that a hearing on an election contest be scheduled to be held within 30 days of the date the petition was filed. On January 21, 2004, the common pleas court granted appellees' motion and dismissed the election contest based on the R.C. 3515.10 hearing-scheduling requirement.

{¶ 4} This cause is now before the court upon appellants' appeal under R.C. 3515.15.

{¶ 5} Appellants assert that the common pleas court erred in dismissing their election contest. We hold that the common pleas court properly dismissed appellants' election contest for lack of jurisdiction. R.C. 3515.10 provides that the court must set a hearing on an election contest for a date not more than 30 days after the filing of the petition:

{¶ 6} *"The court with which a petition to contest an election is filed shall fix a suitable time for hearing such contest, which shall be not less than fifteen nor more than thirty days after the filing of the petition.* * * * All parties may be represented by counsel and the hearing shall proceed at the time fixed, unless postponed by the judge hearing the case for good cause shown by either party by affidavit or unless the judge adjourns to another time, not more than thirty days thereafter, of which adjournment the parties interested shall take notice." (Emphasis added.)

{¶ 7} "The procedure prescribed by statute to bring an election contest within the jurisdiction of a judge must be strictly followed." *McCall v. E. Local School Dist. Bd. of Edn.* (1959), 169 Ohio St. 50, 8 O.O.2d 11, 157 N.E.2d 351, paragraph one of the syllabus. "Compliance with the R.C. 3515.10 hearing scheduling requirement is jurisdictional, and where the trial date of the election contest is not set within thirty days after the filing of the petition and no request is made for the scheduling of a hearing within that period, the court lacks jurisdiction to proceed." *In re Contested Election of November 2, 1993* (1995), 72 Ohio St.3d 411, 414, 650 N.E.2d 859; *McCall,* 169 Ohio St. at 52, 8 O.O.2d 11, 157 N.E.2d 351 ("Under the controlling statute, the setting of the hearing of a contested election not more than 30 days after the filing of the petition * * * [is an] express conditio[n] precedent which must be complied with before the hearing of the contest can be had"); *Jenkins v. Hughes* (1952), 157 Ohio St. 186, 190, 47 O.O.

127, 105 N.E.2d 58 ("where a contester, before the expiration of the time within which an election contest under a statute must be tried, obtains a postponement or acquiesces in a postponement which carries the case beyond the time limit, he thereby discontinues his contest").

{¶ 8} In this case, as in *Contested Election of November 2, 1993,* no hearing on appellants' petition was scheduled to be held or requested to be held within 30 days of the date the petition was filed. Although one of the appellants called the clerk's office and asked why a hearing had not been scheduled, neither he nor any of the other appellants ever *requested* that a hearing be scheduled for a date within 30 days of the date the petition was filed. In fact, once the trial court scheduled a hearing outside the R.C. 3515.10 time requirement, appellants evidently acquiesced to this date.

{¶ 9} Moreover, neither R.C. 3515.10 nor precedent supports appellants' contention that a court retains jurisdiction to consider an election-contest petition if the hearing is conducted more than 30 days but less than 60 days following the filing of the petition, even in the absence of an authorized postponement or adjournment.

{¶ 10} Finally, appellants' reliance on *In re Election of Member of Rock Hill Bd. of Edn.* (1996), 76 Ohio St.3d 601, 669 N.E.2d 1116, is misplaced. That case addressed the R.C. 3515.10 requirement that a hearing be held "not less than fifteen" days after the filing of the petition, which we held to be nonjurisdictional. Conversely, this case involves the requirement that the hearing be held not more than 30 days after the petition is filed, which is a jurisdictional defect. See *Contested Election of November 2, 1993,* 72 Ohio St.3d 411, 650 N.E.2d 859; *McCall,* 169 Ohio St. 50, 8 O.O.2d 11, 157 N.E.2d 351; and *Jenkins,* 157 Ohio St. 186, 47 O.O. 127, 105 N.E.2d 58. " 'The purpose of the specific time limitation within election statutes is to provide promptness and certainty in our elections in a reasonable manner.' " *In re Election of Member of Rock Hill Bd. of Edn.* at 607, 669 N.E.2d 1116, quoting *State ex rel. Byrd v. Summit Cty. Bd. of Elections* (1981), 65 Ohio St.2d 40, 43, 19 O.O.3d 230, 417 N.E.2d 1375. This purpose is furthered by our holding that the 30–day limit of R.C. 3515.10 is jurisdictional.

{¶ 11} Based on the foregoing, the common pleas court properly dismissed appellants' petition. Appellants failed to establish that they had made " 'some effort to have a hearing commenced or completed within the thirty-day period set forth in R.C. 3515.10 * * *.' " *Contested Election of November 2, 1993,* 72 Ohio St.3d at 415, 650 N.E.2d 859, quoting *Sekas v. Wohl* (Apr. 30, 1987), Cuyahoga App. No. 52927, 1987 WL 4949. Accordingly, we affirm the judgment of the court of common pleas.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY and O'DONNELL, JJ., concur.

O'CONNOR, J., concurs separately.

PFEIFER and LUNDBERG STRATTON, JJ., dissent.

---

### O'CONNOR, J., concurring.

{¶ 12} I write separately to emphasize the appellants' duties and responsibilities under R.C. 3515.10. Although it is well established by the majority that "some effort" to have the hearing scheduled within 30 days is required, the majority does not address why appellants' actions fell short.

{¶ 13} Appellants indeed prompted the court to schedule a hearing but failed to request that it be scheduled within the 30–day time limit. Just as it is a prosecutor's duty to ensure that a trial date is set within the time constraints of the speedy-trial statutes, *State v. Singer* (1977), 50 Ohio St.2d 103, 4 O.O.3d 237, 362 N.E.2d 1216, it is a contestor's duty to ensure that the scheduling of a requested hearing occurs within the court's jurisdictional time limits.

{¶ 14} To provide promptness and certainty in our elections, responsibilities are imposed upon the parties contesting those elections. Appellants had a responsibility to act when their hearing was scheduled for January 15, 2004. That responsibility is not diminished because of their layperson status.

---

### PFEIFER, J., dissenting.

{¶ 15} In *In re Contested Election of November 2, 1993* (1995), 72 Ohio St.3d 411, 414, 650 N.E.2d 859, this court stated, "Compliance with the R.C. 3515.10 hearing scheduling requirement is jurisdictional, and where the trial date of the election contest is not set within thirty days after the filing of the petition and no request is made for the scheduling of a hearing within that period, the court lacks jurisdiction to proceed."

{¶ 16} There is no question that the trial date in this case was not scheduled to commence within the 30–day time limit. However, there is a question whether a request for a hearing was made within the 30–day time limit. One of the contestors called the office of the Summit County Clerk of Courts and asked whether the December 10, 2003 petition had been scheduled for a hearing. Had a nonparty asked this question of the clerk's office, it could not possibly rise to the level of a request for a hearing. The same question coming from an attorney representing the contestors would also not rise to the level of a request. But

coming from a lay contestor, such a question is tantamount to a request for a hearing.

{¶ 17} I believe this court should liberally interpret the contestor's call to the clerk of courts. To do otherwise is excessively legalistic. The purpose of the R.C. 3515.10 time limit is to ensure that election contests are resolved in a timely fashion, not to prevent them. See *In re Election of Member of Rock Hill Bd. of Edn.* (1996), 76 Ohio St.3d 601, 606–607, 669 N.E.2d 1116.

{¶ 18} An unfortunate consequence of the court's decision is that it enables a trial court to determine the outcome of a case based on its own disregard of a scheduling deadline.

{¶ 19} I dissent.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

---

Guarnieri & Secrest, P.L.L., and Michael D. Rossi, for appellants.

Stephen J. Pruneski, Green Law Director, for appellees.