DECISION.
{¶ 1} Defendant-appellant Harry F. Fry, M.D., appeals the dismissal of his third-party complaint. We reverse and remand
 I. Much Legal Ado About $425M {¶ 2} Plaintiff-appellee Mayfield Clinic sued Fry, alleging that he owed it $425 for medical services. Fry then filed a third-party complaint against Health Alliance, d.b.a. The Christ Hospital, alleging that he had gone to Mayfield at Christ Hospital's request and that Christ Hospital should have paid the bill.
 {¶ 3} Christ Hospital then moved for judgment on the pleadings. In response, Fry filed a memorandum in opposition, along with an affidavit and exhibits supporting his claim. Christ Hospital moved to strike the affidavit.
 {¶ 4} The trial court referred the case to a magistrate, who granted Christ Hospital judgment on the pleadings and struck Fry's affidavit. Fry objected, but the trial court adopted the magistrate's decision. Fry then appealed, and we sua sponte dismissed that appeal. The trial court then filed a judgment entry declaring its previous judgment a final appealable order under Civ.R. 54.
 {¶ 5} In this appeal, Fry now argues that the trial court erred by (1) granting Christ Hospital judgment on the pleadings and (2) granting Christ Hospital's motion to strike his affidavit. We agree.
 II. Judgment on the Pleadings {¶ 6} Judgment on the pleadings is appropriate where a court (1) construes all material allegations in the complaint in favor of the nonmoving party and (2) finds beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.[1] Thus, a court should not grant a motion for judgment on the pleadings unless no material factual issues exist and the moving party is entitled to judgment as a matter of law.[2] We review the entry of judgment on the pleadings de novo.[3] We base our review solely on the allegations in the pleadings.[4]
 {¶ 7} Neither the magistrate nor the trial court gave any reasons for the entry of judgment on the pleadings. Christ Hospital argued, among other things, that the statute of frauds prohibited this action because any promise to pay the debt of another was unenforceable unless it had been placed in writing.[5] But Christ Hospital missed the point.
 {¶ 8} Fry's third-party complaint alleged, "Any services rendered by Plaintiff in connection with this matter, [sic] were done at the request of Third Party Defendant, The Health Alliance dba, [sic] The Christ Hospital, and not by Defendant and Third Party Plaintiff, Harry F. Fry." It further alleged, "If it is determined that there is money due and owing to Plaintiff, then such sum should be paid by Third Party Defendant, The Health Alliance dba, [sic] The Christ Hospital."
 {¶ 9} To uphold the entry of judgment on the pleadings, we must be persuaded beyond a reasonable doubt that Fry could prove no set of circumstances that would have entitled him to relief. But this was not the case; Fry could, in theory, have proved any number of circumstances that would have entitled him to relief. And Christ Hospital was not entitled to judgment as a matter of law based solely on the pleadings. This was purely a determination of law, so any evidence — or lack thereof — proving Fry's case is not before us.
 {¶ 10} We must therefore sustain Fry's first assignment of error.
 III. The Affidavit {¶ 11} The trial court also granted Christ Hospital's motion to strike Fry's affidavit. The affidavit contained numerous factual statements that were not included in the third-party complaint, and it had Christ Hospital's bylaws attached as an exhibit.
 {¶ 12} Christ Hospital first argued the statute of frauds in its motion for judgment on the pleadings. If the case later proceeds to the summary-judgment stage, of course, Fry should be allowed to respond with an affidavit or exhibits. The applicability of the statute of frauds was not apparent on the face of the pleadings. In order for Fry to respond to Christ Hospital's argument, he had to file an affidavit and exhibits, or he might have lost his case under the statute of frauds. Therefore, the motion should have been overruled.
 {¶ 13} We therefore sustain Fry's second assignment of error. Accordingly, we reverse the trial court's judgment and remand this case for further proceedings in accordance with law.
Judgment reversed and cause remanded.
Doan, P.J., and Hildebrandt, J., concur.
[1] See Civ.R. 12(C); State ex rel. Midwest Pride IV, Inc. v.Pontious, 75 Ohio St.3d 565, 1996-Ohio-459, 664 N.E.2d 931.
[2] Id.
[3] Flanagan v. Williams (1993), 87 Ohio App.3d 768,623 N.E.2d 185.
[4] State ex rel. Pirman v. Money, 69 Ohio St.3d 591,1994-Ohio-208, 635 N.E.2d 26.
[5] See R.C. 1335.05.