OPINION *Page 2 
{¶ 1} Plaintiff-appellant, Mike L. Tranter, appeals the judgment of the Hamilton County Court of Common Pleas dismissing a medical-malpractice action filed on behalf of the estate of Virginia Ellis.
 {¶ 2} In 2006, Tranter filed the suit against defendant-appellee, Mercy Franciscan Hospital Western Hills. In the complaint, he alleged that on August 9, 2004, unnamed nurses at the hospital had negligently caused Ellis to fall. He further alleged that the resulting injuries had caused her death on October 7, 2005.
 {¶ 3} In support of his claims, Tranter filed the affidavit of Donna Adkins, a nurse who stated that she was familiar with the applicable standard of care and that it was her "expert opinion that the standard of care was breached by MERCY FRANCISCAN HOSPITAL WESTERN HILLS AND JANE DOE'S 1-10 and this breach of care resulted in the injuries sustained by Virginia Ellis." (Capitals in original.)
 {¶ 4} On September 1, 2006, Mercy filed a motion to dismiss on the basis that the complaint was not accompanied by an affidavit that complied with the requirements of Civ.R. 10(D)(2). In its supporting memorandum, Mercy argued that Adkins was not competent to testify about the standard of care or about whether the negligence of Mercy's employees had caused Ellis's injuries.
 {¶ 5} On November 9, 2006, the trial court dismissed the action with prejudice based on Adkins's lack of qualifications to render an opinion on the issue of proximate cause. *Page 3 
 {¶ 6} In his first assignment of error, Tranter now argues that the trial court erred in granting Mercy's motion to dismiss.
 {¶ 7} Civ.R. 10(D)(2)(a) provides that a medical claim as defined in R.C. 2305.113 "shall include an affidavit of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability." The rule specifies that the affidavit must include "[t]he opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff."[1]
 {¶ 8} In this case, Mercy conceded at oral argument that Adkins was competent to testify about the applicable standard of care for nurses in the circumstances presented in this case. But Mercy maintains that Adkins was not competent to testify that the alleged breach of that standard resulted in the injuries that Ellis had sustained.
 {¶ 9} Although expert testimony is generally necessary to establish the applicable standard of care in a malpractice claim,[2] "matters of common knowledge and experience, subjects that are within the ordinary, common and general knowledge and experience of mankind, need not be established by expert opinion testimony."[3] It has been held, for example, that when a patient's fall is caused by the inattentiveness of a nurse, the plaintiff need not produce expert testimony to establish that injuries were caused by the nurse's negligence.[4] *Page 4 
 {¶ 10} Here, even if expert testimony was required to establish the standard of care, the element of causation was within the common knowledge of the trial court. Adkins had reviewed the hospital's records and averred that the nurses had breached the applicable standard of care in causing Ellis to fall. Once Adkins had expressed the opinion that the nurses' negligence had caused the fall, no additional expert testimony was required to support the allegation that the fall had caused injuries to Ellis.
 {¶ 11} Although Adkins was arguably not competent to establish that the injuries had caused Ellis's death more than one year after the fall, she was qualified to express the opinion that the nurses' alleged breach of duty had "caused injury to the plaintiff" within the meaning of Civ.R. 10(D)(2)(iii).
 {¶ 12} In holding that Adkins's affidavit complied with Civ.R. 10, we emphasize that, under the language of Civ.R. 10(D)(2)(c), the purpose of the affidavit is "solely to establish the adequacy of the complaint and shall not otherwise be admissible as evidence or used for purposes of impeachment." The requirement of the affidavit, then, is to winnow out utterly frivolous claims; its purpose is not to test the sufficiency of the plaintiff's evidence on the ultimate issue of the defendant's liability. Under that standard, Adkins's affidavit was sufficient to withstand a challenge under Civ.R. 10(D)(2). We sustain the first assignment of error.
 {¶ 13} In the second and final assignment of error, Tranter argues that Civ.R. 10(D)(2) is unconstitutional because it establishes a higher pleading standard for medical-malpractice lawsuits than for other types of actions. Tranter did not raise *Page 5 
this issue before the trial court, and we accordingly overrule the assignment without addressing it on its merits.[5]
 {¶ 14} We reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
CUNNINGHAM and DINKELACKER, JJ., concur.
[1] Civ.R. 10(D)(2)(a)(iii).
[2] See Bruni v. Tatsumi (1976), 46 Ohio St.2d 127, 131-132,346 N.E.2d 673.
[3] Ramage v. Central Ohio Emergency Services, Inc. (1992),64 Ohio St.3d 97, 103, 592 N.E.2d 828, citing Johnson v. Grant Hosp. (1972), 31 Ohio App.2d 118, 124-125, 291 N.E.2d 440.
[4] See Jones v. Hawkes Hosp. of Mt. Carmel (1964), 175 Ohio St. 503,196 N.E.2d 592, paragraph two of the syllabus.
[5] See, e.g., Remley v. Cincinnati Metro. Hous. Auth. (1994),99 Ohio App.3d 573, 574, 651 N.E.2d 450. *Page 1