**AMADASU, Appellant,**

**v.**

**O'NEAL et al.; Deaconess Hospital, Appellee.**

[Cite as *Amadasu v. O'Neal,* 176 Ohio App.3d 217, 2008-Ohio-1730.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–070418.

Decided April 11, 2008.

Darlington Amadasu, M.D., pro se.

Joseph A. McGee, for appellee.

DINKELACKER, Judge.

{¶ 1} Plaintiff-appellant, Darlington Amadasu, M.D., appeals the trial court's decision granting judgment on the pleadings in favor of defendant-appellee, the Deaconess Hospital. We reverse the trial court's judgment.

## I. Facts and Procedure

{¶ 2} Amadasu filed a complaint against Deaconess and Emmett O'Neal, M.D., stating numerous causes of action, including medical malpractice, assault and battery, breach of fiduciary duty, and violations of the Ohio Consumer Sales Practices Act. All of these causes of actions involved surgery and related treatment performed by O'Neal at Deaconess.

{¶ 3} Deaconess filed a Civ.R. 12(C) motion for judgment on the pleadings. It argued that the complaint was not filed within the applicable statute of limitations and that Amadasu had failed to file an affidavit of merit or a motion for an extension of time as required by former Civ.R. 10(D)(2). The trial court granted the motion without stating its reasoning and dismissed Amadasu's claims against Deaconess with prejudice. Since his claims against O'Neal were still outstanding, the entry stated that "[t]here is no just cause for delay," as required by Civ.R. 54(B). This appeal followed.

## II. Matters Outside the Record

{¶ 4} Before we reach the merits of Amadasu's assignments of error, we note that he has attached documents that were not part of the record before the trial court. A reviewing court cannot add matter to the record before it and then decide the appeal on that basis.[1] Therefore, we cannot consider the documents attached to his brief.

## III. Standard of Review

{¶ 5} Amadasu presents two assignments of error, which we address out of order. In both of his assignments of error, he states that the trial court erred in granting Deaconess's motion for judgment on the pleadings. Under Civ.R. 12(C), a court may grant judgment on the pleadings where no material issue of fact exists and the moving party is entitled to judgment as a matter of law. The court may consider only the allegations in the pleadings. It must construe all material allegations in the complaint, along with all reasonable inferences, as true and in favor of the nonmoving party. We review the trial court's entry of judgment on the pleadings de novo.[2]

## IV. Statute of Limitations

{¶ 6} In his second assignment of error, Amadasu argues that his complaint was filed within the applicable statute of limitations. Because of our standard of review, we find this assignment of error to be well taken.

### A. One–Year Limitations Period for Medical–Malpractice Claim

{¶ 7} Generally, an action on a medical-malpractice claim must be brought within one year after the cause of action accrued.[3] A medical-malpractice claim is a claim asserted in a civil action against a physician, a hospital, an employee of any hospital, or other medical personnel that "arises out of the medical diagnosis, care, or treatment of any person."[4]

{¶ 8} Amadasu set forth numerous causes of action in his complaint. Nevertheless, Ohio courts have repeatedly rejected plaintiffs' attempts to avoid

---

1. *In re Contested Election of November 2, 1993* (1995), 72 Ohio St.3d 411, 413 650 N.E.2d 859; *Lassiter v. Lassiter,* 1st Dist. Nos. C–020494, C–020370, and C–020128, 2003-Ohio-2333, 2003 WL 21034193, ¶ 2.

2. *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 592–593, 635 N.E.2d 26; *Mayfield Clinic, Inc. v. Fry,* 1st Dist. No. 030885, 2004-Ohio-3325, 2004 WL 1415560, ¶ 6.

3. Former R.C. 2305.113(A), 149 Ohio Laws, Part II, 3791, 3799 (eff. Apr. 11, 2003).

4. Former R.C. 2305.11(D)(3) (eff. Apr. 11, 2003).

the statute of limitations by pleading alternative theories of recovery.[5] " 'The limitation is imposed on the cause of action and the form in which the action is brought is immaterial.' " [6]

{¶ 9} An examination of the factual basis of Amadasu's claims reveals that all of his causes of action related to medical treatment by O'Neal and Deaconess. " 'Malpractice by any other name still constitutes malpractice.' " [7] It consists of the " 'professional misconduct of members of the medical profession.' " [8] Thus, the one-year statute of limitations for medical-malpractice actions applied to Amadasu's entire complaint.

{¶ 10} An exception exists to the one-year statute of limitations.[9] R.C. 2305.113(B)(1) states that "[i]f prior to the expiration of the one-year period specified in division (A) of this section, a claimant who allegedly possesses a medical * * * claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within the one-hundred eighty days after the notice is so given."

### B. Accrual of the Cause of Action

{¶ 11} We next determine when the cause of action accrued. With the allegations of Amadasu's amended complaint taken as true, as they must when reviewing the entry of judgment on the pleadings, the timeline is as follows:

| | |
|---|---|
| January 31, 2005 | Amadasu's surgery |
| February 1, 2005 | Amadasu went to the emergency room with problems related to the surgery |
| August 15, 2005 | Deaconess terminated treatment; it had provided care up until this date |
| August 12, 2006 | 180-day letter "given" to hospital (Amadasu actually specified this date in later filings. In the complaint, he said it was "served" in |

---

5. *Strock v. Pressnell* (1988), 38 Ohio St.3d 207, 215–216, 527 N.E.2d 1235.

6. Id. at 216, 527 N.E.2d 1235, quoting *Andrianos v. Comm. Traction Co.* (1951), 155 Ohio St. 47, 44 O.O. 72, 97 N.E.2d 549, paragraph two of the syllabus.

7. *Steinmetz v. Francis J. Lowry, D.D.S. & Assoc.* (1984), 17 Ohio App.3d 116, 118, 17 OBR 179, 477 N.E.2d 671, quoting *Muir v. Hadler Real Estate Mgt. Co.* (1982), 4 Ohio App.3d 89, 90, 4 OBR 170, 446 N.E.2d 820.

8. Id., quoting *Muir* at 90, 4 OBR 170, 446 N.E.2d 820.

9. *Hughes v. George F. & Mary A. Robinson Memorial Portage Cty. Hosp.* (1984), 16 Ohio App.3d 80, 83, 16 OBR 85, 474 N.E.2d 638.

"August 2006 within one year of the act or omission giving rise to the injury.")

February 12, 2007 Complaint filed

 {¶ 12} In *Frysinger v. Leech,*[10] the Ohio Supreme Court held that a cause of action for medical malpractice accrues and the statute of limitations begins to run (1) when the patient discovers or, in the exercise of reasonable care and diligence, should have discovered the resulting injury, or (2) when the physician-patient relationship for that condition terminates, whichever occurs later.[11] At issue in this case is the second part of this test.

{¶ 13} Deaconess contends that the second part of the test regarding the termination of the physician-patient relationship never applies to hospitals. We disagree. The cases it cites for this proposition state that the second part of the test cannot logically apply when the hospital does not have an ongoing relationship with the patient, not that it never applies.[12] In this case, Amadasu alleged an ongoing relationship with Deaconess. Therefore, the second part of the *Frysinger* test applied, and the cause of action accrued on August 15, 2005, the date Amadasu alleged that Deaconess terminated treatment.

### C. 180–Day Notice

 {¶ 14} R.C. 2305.113(B) specifically states that the plaintiff may extend the time to file if the claimant "gives" written notice to the intended defendant. The Ohio Supreme Court has held that the 180–day notice "is deemed to have been given when received." Therefore, the 180–day period begins to run from the date the notice is received, not the date it is mailed.[13] Further, not only must the notice be sent before the expiration of the one-year statute of limitations, but the intended defendant must receive it by that date to extend the time.[14]

 {¶ 15} Amadasu's amended complaint stated that "[i]n August 2006 within the one year of the act or omission giving rise to the injury, Plaintiff served defendants O'Neal and Deaconess written notice of his intent to seek

---

10. *Frysinger v. Leech* (1987), 32 Ohio St.3d 38, 512 N.E.2d 337.

11. Id. at syllabus.

12. *Grandillo v. Montesclaros* (2000), 137 Ohio App.3d 691, 700–701, 739 N.E.2d 863; *Grubb v. Columbus Community Hosp.* (1997), 117 Ohio App.3d 670, 676–677, 691 N.E.2d 333.

13. *Edens v. Barberton Area Family Practice Ctr.* (1989), 43 Ohio St.3d 176, 539 N.E.2d 1124, syllabus.

14. *Marshall v. Ortega* (2000), 87 Ohio St.3d 522, 525–526, 721 N.E.2d 1033; *Thomas v. Cranley* (Nov. 2, 2001), 1st Dist. No. C–010096, 2001 WL 1346184.

redress for his injuries proximately caused by the defendants. Accordingly, this action was filed within 180 days after the notice was given to the defendants." Again, taking the allegations of the complaint as true, since Amadasu alleged that the notice was "given" to the hospital, we must conclude that the notice was timely and that the time was extended. If the time was extended by 180 days, the complaint was timely filed.

{¶ 16} Further, even if we did not construe the complaint as true, the record simply does not show when Deaconess received the notice. As the moving party, it bore the burden to show that it was entitled to judgment as a matter of law. Since it did not demonstrate that the notice was not timely, it could not show that it was entitled to judgment, and, therefore, the trial court erred in granting its motion for judgment on the pleadings.

{¶ 17} We are constrained by our standard of review. At this stage of the proceedings, we cannot say that Amadasu can prove no set of facts that would entitle him to relief, or that Deaconess was entitled to judgment as a matter of law. Thus the trial court erred in granting judgment on the pleadings to Deaconess. This holding does not mean that the trial court could not have granted a motion for summary judgment on the issue of the statute of limitations if it was supported by proper evidence. Although the trial court could not have converted Deaconess's motion for judgment on the pleadings to a motion for summary judgment,[15] Deaconess can still file such a motion. Nevertheless, at this juncture in the proceedings, we must sustain Amadasu's second assignment of error.

### V. Affidavit of Merit

{¶ 18} In his first assignment of error, Amadasu argues that he did not need to attach an affidavit of merit to the complaint because he did not need expert testimony to show liability. He also argues that he met the requirements of former Civ.R. 10(D). We agree that the trial court erred in granting judgment on the pleadings to Deaconess, although not precisely for the reasons Amadasu states in this assignment.

{¶ 19} Former Civ.R. 10(D)(2) stated that "a complaint that contains a medical claim * * *, as defined in section 2305.113 of the Revised Code, shall include an affidavit of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability." The affidavit must contain (1) a statement that the affiant has reviewed all the medical records reasonably

---

**15.** *Davis v. Remy*, 4th Dist. No. 03CA13, 2003-Ohio-7296, ¶ 11; *Lawless v. Indus. Comm.* (Mar. 26, 1997), 1st Dist. No. C–960420, 1997 WL 133368.

available to the plaintiff concerning the allegations contained in the complaint, (2) a statement that the affiant is familiar with the applicable standard of care, and (3) the affiant's opinion that one or more of the defendants have breached the standard of care and that the breach has caused injury to the plaintiff.[16]

{¶ 20} The affidavit is required to establish the adequacy of the complaint.[17] The plaintiff may also file a motion to extend the period of time to file the affidavit, but that motion must be filed with the complaint.[18]

{¶ 21} Despite his claims to the contrary, the gist of Amadasu's complaint was medical malpractice, which requires expert testimony to prove liability.[19] Amadasu did not file an affidavit of merit or a motion for an extension of time with his complaint. Deaconess raised the issue of his failure to file the affidavit in its motion for judgment on the pleadings. Then Amadasu filed his own affidavit in which he stated that he was a doctor and was using his own expert opinion. Even if we assume that he actually is a doctor and that the affidavit was proper, it was simply filed too late.

{¶ 22} Nevertheless, the failure to file the affidavit did not justify a judgment on the pleadings. Courts interpreting the version of Civ.R. 10(D) in effect at the time of Amadasu's complaint have held that dismissal is not an appropriate remedy for the failure to attach an affidavit of merit to the complaint. Rather, the defendant should file a motion for a more definite statement under Civ.R. 12(E), and if the plaintiff fails to reply, the court can strike the pleading or issue any other orders it deems just.[20]

{¶ 23} Civ.R. 10(D)(2) was amended, effective July 2007, with new language stating that "[a]ny dismissal for failure to comply with this rule shall operate as a failure otherwise than on the merits." So judgment on the pleadings based on a failure to include the affidavit was not proper under the former version of the

---

16. Former Civ.R. 10(D)(2)(a)(1)(ii) and (iii), 105 Ohio St.3d CIV.

17. Former Civ.R. 10(D)(2)(c); *Tranter v. Mercy Franciscan Hosp. W. Hills*, 1st Dist. No. C–061039, 2007-Ohio-5132, 2007 WL 2812912, ¶ 9.

18. Former Civ.R. 10(D)(2)(b).

19. *Bruni v. Tatsumi* (1976), 46 Ohio St.2d 127, 131–132, 75 O.O.2d 184, 346 N.E.2d 673; *Tranter*, supra, 2007-Ohio-5132, 2007 WL 2812912, at ¶ 9; *Robb v. Community Mut. Ins. Co.* (1989), 63 Ohio App.3d 803, 806, 580 N.E.2d 451.

20. *Stewart v. Forum Health*, 7th Dist. No. 06–MA–120, 2007-Ohio-6922, 2007 WL 4465514, ¶ 31–33; *Chromik v. Kaiser Permanente*, 8th Dist. No. 89088, 2007-Ohio-5856, 2007 WL 3203111, ¶ 12–17; *Fletcher v. Univ. Hosps. of Cleveland*, 172 Ohio App.3d 153, 2007-Ohio-2778, 873 N.E.2d 365, ¶ 9–10.

rule nor would it be proper under the current one. Consequently, we sustain Amadasu's first assignment of error.

## VI. Summary

{¶ 24} In sum, we hold that the trial court erred in granting Deaconess's motion for judgment on the pleadings. We sustain Amadasu's two assignments of error, reverse the trial court's judgment, and remand the case to the trial court for further proceedings consistent with this decision.

Judgment reversed
and cause remanded.

SUNDERMANN, P.J., and PAINTER, J., concur.