[Cite as *Brown v. Holiday Inn Express & Suites*, 2018-Ohio-3281.]

# IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Lisa K. Brown, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 17AP-477 |
| v. | : | (C.P.C. No. 15CV-10632) |
| Holiday Inn Express & Suites et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

---

# D E C I S I O N

## Rendered on August 16, 2018

---

**On brief:** *Lynn Sfara Bruno* and *Charles A.J. Strader*; *DeSanto & McNichols*, and *Debra J. DeSanto*, for appellant. **Argued:** *Charles A.J. Strader*.

**On brief:** *Reminger Co., LPA*, and *Matthew L. Schrader*, for appellee. **Argued:** *Matthew L. Schrader*.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Plaintiff-appellant, Lisa K. Brown, appeals a judgment of the Franklin County Court of Common Pleas that granted defendant-appellee, P & S Hotel Group, Ltd. ("P & S"), judgment on the pleadings. For the following reasons, we affirm that judgment in part and reverse it in part.

{¶ 2} On September 28, 2014, Brown was a guest of the Holiday Inn Express & Suites Columbus East, which P & S owns and operates. Brown took a shower and, afterwards, grabbed a towel off the rack to dry herself. While Brown was drying her face, she discovered that feces covered the towel she was using. As a result of this incident, Brown allegedly suffered physical injury and emotional distress.

{¶ 3} Over a year later, on November 26, 2015, Brown filed suit against P & S, Holiday Inn Express & Suites, and an unknown employee of Holiday Inn Express & Suites. In the complaint, Brown purported to allege claims for battery, intentional infliction of emotional distress, negligence, and negligent supervision.

{¶ 4} P & S answered the complaint and moved for judgment on the pleadings. P & S argued that the one-year statute of limitations governing claims for battery applied to all Brown's claims. Because Brown did not file her complaint within one year of the accrual of her claims, P & S maintained that the statute of limitations barred her action. In a judgment issued June 27, 2017, the trial court granted P & S' motion and entered judgment in P & S' favor.

{¶ 5} Brown now appeals the June 27, 2017 judgment, and she assigns the following errors:

> [1.] The trial court erred in holding that based on the allegations in Plaintiff/Appellant's Complaint, the Plaintiff/Appellant could prove no set of facts entitling her to relief.
>
> [2.] The trial court erred in holding that Plaintiff/Appellant's claims were all barred by a one-year statute of limitations because the allegations sounded in battery.
>
> [3.] The trial court erred by failing to consider Plaintiff/Appellant's claims as pleaded in the alternative.
>
> [4.] The trial court erred in finding that Plaintiff/Appellant's claim for negligent supervision was barred by a one-year statute of limitations, as it is based on separate conduct.
>
> [5.] The trial court erred in failing to allow Plaintiff/Appellant to present evidence of negligence under the theory of *res ipsa loquitur*.

{¶ 6} We will begin our review with Brown's second assignment of error. By that assignment of error, Brown argues that the trial court erred in granting P & S judgment on the pleadings on the basis that the one-year statute of limitations for battery barred Brown's claims. We agree with Brown with respect to her claims for negligence and negligent supervision, but we disagree with her with respect to her claims for battery and intentional infliction of emotional distress.

{¶ 7} Civ.R. 12(C) permits parties to move for judgment on the pleadings. In reviewing such a motion, a trial court construes the material allegations of the complaint and all reasonable inferences drawn from those allegations in favor of the nonmoving party. *Rayess v. Educational Comm. for Foreign Med. Graduates*, 134 Ohio St.3d 509, 2012-Ohio-5676, ¶ 18. A trial court must grant the motion if it finds that, beyond a doubt, the nonmoving party can prove no set of facts in support of its claim or claims to relief. *Id.* " 'Thus, Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law.' " *Id.*, quoting *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996).

{¶ 8} A party may seek judgment on the pleadings where the running of the statute of limitations is apparent from the face of the complaint. *Mitchell v. Holzer Med. Ctr.*, 4th Dist. No. 16CA20, 2017-Ohio-8244, ¶ 12. However, a trial court should only grant such a motion if the complaint conclusively demonstrates that the action is barred by the statute of limitations. *Schisler v. Columbus Med. Equip.*, 10th Dist. No. 15AP-551, 2016-Ohio-3302, ¶ 16. Appellate courts apply the de novo standard of review to decisions granting judgment on the pleadings. *Rayess* at ¶ 18.

{¶ 9} In deciding which statute of limitations applies to a particular claim, courts must look to the true nature or subject matter of the acts giving rise to that claim. *Doe v. First United Methodist Church*, 68 Ohio St.3d 531, 536 (1994); *Love v. Port Clinton*, 37 Ohio St.3d 98, 99 (1988). The grounds for bringing a claim, not the form in which a claim is pleaded, determines the applicable statute of limitations. *Doe* at 536; *Love* at 99. A plaintiff cannot use clever pleading to transform one cause of action into another type of action in order to take advantage of a longer statute of limitations. *Doe* at 537; *Love* at 100.

{¶ 10} When a cause of action arises from an intentional, offensive touching, that cause of action is subject to the one-year period of limitations applicable to battery claims under R.C. 2305.111(B) regardless of the form the cause of action takes. *Doe* at 536-37; *accord Love* at 99 ("Where the essential character of an alleged tort is an intentional, offensive touching, the statute of limitations for assault and battery governs even if the touching is pled as an act of negligence."). A plaintiff cannot mask the fundamental nature of a cause of action for battery by instead pleading claims for negligence and/or intentional infliction of emotional distress. *Doe* at 537.

{¶ 11} Based upon the above-stated law, the Supreme Court of Ohio has applied the one-year statute of limitations for battery to claims arising out of sexual abuse and the subduing and handcuffing of an arrestee. *Doe* at 536-37 (sexual abuse); *Love* at 100 (subduing and handcuffing the plaintiff). In each of those cases, the alleged wrongdoing could only be construed as an intentional act as it is impossible for a person to accidentally sexually abuse, subdue, or handcuff another. *Doe* at 536 ("sexual abuse is not something that occurs by accident"); *Love* at 99 ("The contact involved is plainly intentional; one cannot accidentally handcuff or subdue another."). However, where the contact at issue could be construed as either intentional or negligent, a court errs in applying the one-year battery statute of limitations to bar a plaintiff's negligence claim. *Walker v. Bunch*, 7th Dist. No. 05-MA-144, 2006-Ohio-4680, ¶ 41 (reversing the grant of a summary judgment motion made on the basis that the plaintiff's negligence claim was barred by the one-year battery statute of limitations because a question of fact existed as to whether the contact at issue was intentional or negligent); *Forsythe v. Conatser*, 2d Dist. No. CA 19989, 2004-Ohio-2606, ¶ 12 (same).

{¶ 12} In the case at bar, all of Brown's claims relate to her use of the feces-covered towel. Brown's complaint alleged that the unknown hotel employee intentionally and negligently provided her with the soiled towel. In the "General Allegations" section of her complaint, Brown averred:

> [As] a sole and proximate result of the intentional actions of the Defendant, Unknown Employee of Holiday Inn Express and Suites, and the negligence, carelessness, and willful and wanton disregard of safety by the Defendants, Holiday Inn Express and Suites, P & S Hotel Group, LTD, and Unknown Employee of Holiday Inn Express and Suites, the Plaintiff, Lisa K. Brown, was caused to incur mental, and physical, injuries.

(Compl. at ¶ 16.) In the sections of complaint entitled "Count I: Battery" and "Count II: Intentional Infliction of Emotional Distress," Brown repeatedly stated that defendants engaged in intentional conduct. However, in the sections entitled "Count III: Negligence" and "Count IV: Negligent Supervision," Brown alleged instead that defendants engaged in negligent conduct.

{¶ 13} By definition, negligent contact is not intentional contact, and vice versa. *Blanton v. Alley*, 4th Dist. No. 02CA685, 2003-Ohio-2594, ¶ 35. However, "Civ.R. 8(E)(2)

permits alternative or hypothetical pleading, or even the use of inconsistent claims." *Iacono v. Anderson Concrete Corp.*, 42 Ohio St.2d 88, 92 (1975). We, therefore, interpret Brown's complaint as pleading alternatively (1) claims based on the intentional touching of Brown with a dirty towel, or (2) claims based on the negligent touching of Brown with a dirty towel.

{¶ 14} Because Brown did not bring her battery claim within one year after her cause of action accrued, her claim is time barred. *See Love*, 37 Ohio St.3d at 98 (holding that "when bodily injury results from [a] * * * battery, the one-year statute of limitations, R.C. 2305.111, is applicable"). Likewise, Brown's claim for intentional infliction of emotional distress is also time barred. As pled in the complaint, that claim is premised on the allegation that an unknown hotel employee intentionally caused Brown harm when he left the soiled towel for Brown's use. Consequently, like Brown's claim for battery, her claim for intentional infliction of emotional distress arises from an intentional, offensive touching. In such a circumstance, the one-year statute of limitations for battery governs a claim for intentional infliction of emotional distress. *Doe*, 68 Ohio St.3d at 537; *Stafford v. Clever Investigations, Inc.*, 10th Dist. No. 06AP-1204, 2007-Ohio-5086, ¶ 8-9.

{¶ 15} We reach a different conclusion with regard to Brown's negligence-based claims. Conceivably, providing a feces-soiled towel for a hotel guest's use could constitute either an intentional or negligent act. Nothing in the nature of the act itself renders the act inherently intentional. This case, therefore, is distinguishable from *Doe* and *Love*. Because the essential nature of the conduct underlying Brown's lawsuit is not necessarily an intentional touching, the one-year statute of limitations for battery does not apply to Brown's negligence claim.

{¶ 16} Moreover, the one-year statute of limitations for battery does not apply to a claim for negligent supervision. Such a claim seeks to hold an employer directly liable for its own conduct in negligently supervising an employee whose tortious conduct injured the plaintiff. *Simpkins v. Grace Brethren Church*, 5th Dist. No. 13 CAE 10 0073, 2014-Ohio-3465, ¶ 49, quoting Abraham, *The Forms and Functions of Tort Law* 166 (2d Ed.2002) (" 'An employer whose employee commits a tort may be liable in his own right for negligence in hiring or supervising the employee * * * [b]ut that is not vicarious liability.' "). Consequently, even if a claim for negligent supervision stems from injury sustained during an employee's battery of the plaintiff, the statute of limitations for negligence, not battery,

governs the claim. *Primmer v. Vrable*, 10th Dist. No. 95APE07-936 (Mar. 19, 1996); *accord Doe* at 537 (applying the two-year statute of limitations for actions for bodily injury to the plaintiff's claim against the tortfeasor's employers for failing to protect the plaintiff from the tortfeasor's sexual abuse). To the extent that Brown pleaded a claim for negligent supervision, therefore, her claim is not barred by the one-year statute of limitations for battery.

{¶ 17} In arguing that it deserves judgment on all Brown's claims, P & S maintains that Brown cannot challenge the application of the one-year statute of limitations due to her silence on that issue before the trial court. We are not persuaded. P & S, as the moving party, bore the burden of showing that it was entitled to judgment as a matter of law on the affirmative defense that the statute of limitations had expired. *Amadasu v. O'Neal*, 176 Ohio App.3d 217, 2008-Ohio-1730, ¶ 16 (1st Dist.). Given the allegations contained in the complaint, P & S cannot establish that the one-year statute of limitations applies to Brown's negligence-based claims. P & S, therefore, failed to carry its burden, regardless of whether Brown raised or failed to raise any counterarguments.

{¶ 18} In sum, we conclude that the trial court erred in granting P & S judgment on Brown's claims for negligence and negligent supervision. However, the trial court properly applied the one-year statute of limitations to Brown's claims for battery and intentional infliction of emotional distress, and, thus, it did not err in entering judgment in P & S' favor on those claims. Accordingly, we sustain Brown's second assignment of error in part and overrule it in part.

{¶ 19} Our ruling on Brown's second assignment of error moots her remaining assignments of error. We, therefore, do not address those assignments of error.

{¶ 20} For the foregoing reasons, we sustain in part and overrule in part the second assignment of error, which moots the first, third, fourth, and fifth assignments of error. We affirm in part and reverse in part the judgment of the Franklin County Court of Common Pleas, and we remand this case to that court for further proceedings consistent with law and this decision.

*Judgment affirmed in part; reversed in part; case remanded.*

SADLER and LUPER SCHUSTER, JJ., concur.